CELINDA A. FULTON, Appellant, *v.* FRED H. KRULL, Respondent.

Tax — when charter of city provides method of taxation of real property and such provision is not specifically modified or repealed by the General Tax Law, no modification or repeal will be presumed — statute must require description of property taxed to be such that property may be identified from such description alone — descriptions in assessments examined and part held to be sufficient; part insufficient.

Where the charter of a city shows complete provision for the taxation of real property, and expressly provides that the assessors shall "be subject to all the obligations and perform all the duties specified in this act in reference to the assessment of property within said city," and the General Tax Law does not purport, specifically or directly, to repeal or

modify such statute, an intent so to do on the part of the legislature will not be presumed.

It is essential that such a statute should require and that the assessors should make a description which fairly advises the person assessed that his property is assessed, and which would enable a purchaser at a tax sale to determine what property was being offered and acquired. The description employed in the assessment roll cannot be helped out by additional details of description incorporated in the deed, and where no reference has been made in the roll to a map filed in the county clerk's office, resort cannot be had thereto for the purposes of description and identification of the lands attempted to be assessed.

The assessors in the case at bar fairly complied with the express requirements of the statutes with reference to certain lots, and in each case gave the number of the lot, the frontage on a designated street and the correct side thereof, the extent of the frontage and the distance thereof from the nearest corner of two streets, the depth of the lot and the course thereof, and there appears in the assessment roll what is equivalent to a description commencing on a given side of a street at a certain distance from a cross street and thence proceeding by boundaries of definite lengths and directions and enabling any person to locate the land. *Held,* that the roll contained a sufficient description of the lots so described.

In the case of certain other lots the assessment roll described the premises intended to be assessed as the east part of said lot having thirty-eight "feet front" and a depth of sixty-six feet and situate on the east side of a given street and north of the cross street. *Held,* that this description is insufficient.

On the authority of *Riggs* v. *Palmer* (115 N. Y. 506), *held,* that as the trial court has fully found the facts which determine the rights of the parties, and these facts apparently cannot be changed on a new trial, judgment should be directed and entered in favor of the plaintiff as to the latter lots.

*Fulton* v. *Krull,* 125 App. Div. 901, modified.

(Argued October 12, 1910; decided November 29, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 6, 1908, affirming a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Clinton, Jr.,* for appellant. The General Tax Law applies to the assessment roll in question. (*Mayor, etc.,*

v. *Mutual Bank,* 20 N. Y. 387; *People ex rel. Young* v. *Willis,* 133 N. Y. 383; *People ex rel. Haley* v. *Cahill,* 181 N. Y. 403.) The tract is not sufficiently described to enable it to be identified. (*Matter of N. Y. C. & H. R. R. R. Co.,* 90 N. Y. 342; *Zink* v. *McManus,* 121 N. Y. 259.) The assessment is not sufficient to give notice to the plaintiff that her property, or how much of her property, was assessed and it is, therefore, void. (*Lawton* v. *City of New Rochelle,* 114 App. Div. 883.) The invalid assessment roll is not made valid by the adoption of a different description in the deed given by the county treasurer. (*Stout* v. *Mastin,* 139 U. S. 151; *Bird* v. *Bensila,* 142 U. S. 664; *Underhill* v. *Keirns,* 54 App. Div. 214.) Even if the method of description to be followed is that pointed out by the charter of the city of Niagara Falls the description is, nevertheless, insufficient. (*Lawton* v. *City of New Rochelle,* 114 App. Div. 883.)

*Daniel E. Brong* and *David Tice* for respondent. The assessment upon which respondent's tax deed is based was made in compliance with both the charter of Niagara Falls and the General Tax Law. (*Cone* v. *Lauer,* 131 App. Div. 193; *People* v. *Garmon,* 63 App. Div. 530.)

Hiscock, J. This action was brought under section 1638 of the Code of Civil Procedure to determine the question of title to real estate situate in the city of Niagara Falls. The appellant sufficiently alleged and established her original ownership and possession of the premises in controversy, and the respondent sought to establish his title and right to possession under tax sales, and the ultimate and substantial question in the case is whether the lands which were in fact sold and conveyed to respondent upon a tax sale were sufficiently described in the assessment roll on which said sale was founded.

Sometime prior to the assessment the appellant and others, who were owners of what seems to have been a tract of unimproved and vacant property in the city of Niagara Falls, adopted and caused to be filed in the county clerk's office a map whereon said tract was subdivided into many different

lots and whereon various streets were laid out. The lands in question consisted of a large number of said lots, but although the assessment roll attempted to describe them by and in accordance with the map, no reference was made to the latter in the roll. The lots were assessed as vacant to non-resident owners and were sold separately.

The appellant has argued one or two minor questions relating to the pleadings and lack of sufficient evidence, which we do not deem it necessary to discuss especially in view of the unanimous affirmance of the findings made by the referee and we, therefore, come directly to the consideration of the substantial question which is involved.

As preliminary to the determination whether the description in the assessment roll was sufficient, it is important to determine whether such assessment was governed by the provisions of the charter of Niagara Falls, being chapter 143 of the Laws of 1892, or by the provisions of the General Tax Law, being chapter 908 of the Laws of 1896. Section 68 of the former statute provides, so far as applicable to this case, that the city assessors " shall assess each lot or parcel of land separately, giving the name of the owner if known, or if not, the name of the occupant, if occupied, the part of the lot assessed, the number thereof, the street, side of street and number of feet fronting on street, or such other brief description as will enable the land intended to be known and located."

Section 29 of the General Tax Law provides that in the case of the assessment of property of non-residents, " if it be a tract subdivided into lots or parts of a tract so subdivided, the assessors shall:

" 1. Designate it by its name, if known by one, or if not distinguished by a name or the name is unknown, state by what lands it is bounded.

" 2. Place in the first column the numbers of all unoccupied lots of any subdivided tract, without the names of the owner, beginning at the lowest number and proceeding in numerical order to the highest, but the entry of the name of the owner shall not affect the validity of the assessment.

" 3. In the second column and opposite the number of each lot, the quantity of land therein.

" 4. In third column and opposite the quantity, the full value thereof.

" 5. If it be a part of a lot, the part must be distinguished by boundaries or in some other way by which it may be identified.   If any such real property be a tract not subdivided or whose subdivisions cannot be ascertained by the assessors, they shall certify in the roll that such tract is not subdivided, or that they cannot obtain correct information of the subdivisions and shall set down in the proper column the quantity and valuation as herein directed.   If the quantity to be assessed is a part only of a tract, that part, or the part not liable must be particularly described."

It will readily be perceived that the requirements of the provisions last quoted, if not in actual conflict with those first set forth, are more elaborate and complex and require various things to be done which are not essential under the former to a description of property sufficient for the purposes of taxation.   It is insisted by the appellant that the latter provisions so modified the former that the assessors should have complied with all the requirements of both statutes.   We do not agree with this contention.   An examination of the charter of the city of Niagara Falls shows complete provision for the taxation of real property from the assessment to the sale thereof, and it expressly provides that the assessors shall " be subject to all the obligations and perform all the duties specified in this act in reference to the assessment of property within said city."   The General Tax Law does not purport, specifically or directly, to repeal or modify the former statute, and this being so, we think it is the rule that an intent will not be presumed on the part of the legislature so to do in the case of a special act completely covering and providing for the matters in question.   ( *Welstead* v. *Jennings,* 104 App. Div. 179 ; affd., 185 N. Y. 588 ; *Matter of Wood,* 35 App. Div. 363 ; affd., 163 N. Y. 605 ; *Buffalo Cemetery Assn.* v. *City of Buffalo,* 118 N. Y. 61.)

Thus we come to the question originally suggested, whether, tested by the provisions of the charter, the assessors sufficiently described the property. It was essential that the statute should require and that the assessors should make a description which would fairly advise the person assessed that his property was being assessed, and which would enable a purchaser at a tax sale to determine what property was being offered and acquired on the sale. There is no question that the statute is sufficient; the only doubt is as to the acts of the assessors under it. In passing on the latter, we of course agree with the appellant that the description employed in the assessment roll cannot be helped out by additional details of description incorporated into the deed. We also hold that no reference having been made in the roll to the map which had been filed in the clerk's office, resort cannot be had to that for the purposes of description and identification of the lands attempted to be assessed.

Applying the necessary test, we reach the conclusion that the assessment roll did contain a sufficient description of all the lots which were indicated by numerals as distinguished from letters. In the cases of these lots, the assessors fairly complied in terms with the express requirements of the statute and in each case gave the number of the lot, the frontage on a designated street and the correct side of the street, the extent of the frontage and the distance thereof from the nearest corner of two streets, the depth of the lot and the course thereof. In the absence of some evidence to the contrary, the frontage of a lot on a street and its depth being given, we should assume that the side lines of the lot were parallel and of equal length and extended in a direction at right angles with the frontage, thus forming a lot of regular and parallelogram shape. Doing this, we have in the assessment roll what is equivalent to a description commencing on a given side of a street at a certain distance from a cross street and thence proceeding by boundaries of definite lengths and directions and enabling any person to locate the land. And it appears in this case that such description of the lot

intended to be assessed does accord with the description on the map made and filed by the appellant and her associates except in one respect. In the case of all or nearly all of the lots the depth varies by the fraction of a foot from the correct depth as given on the map. But in some cases the lot lies between two streets and in other cases it runs to a general boundary line parallel with the street, and in the case of each lot stakes had been set marking out the lot so that in our opinion this slight inaccuracy in description could be the cause of no uncertainty as to the lot intended to be assessed and should be disregarded.

One case, that of *Matter of Application of N. Y. C. & H. R. R. R. Co.* (90 N. Y. 342), cited by the appellant, perhaps requires a brief word of comment. In that case the assessment roll which was involved in the chain of title contained a description on its face quite similar to the one presented here and it was held that the description was insufficient. In that case however, evidence was offered and allowed showing that for some reason it was impossible to locate the lots from the descriptions which had been employed and the court so found and this court in its opinion expressly refers to and bases its conclusion on this testimony and finding.

When we consider the descriptions given to the lots indicated by letters we reach a different conclusion as to their sufficiency. In the case of each of these lots the assessment roll described the premises intended to be assessed as the east part of said lot having 38 " feet front " and a depth of 66 feet and situate on the east side of a given street and north of the cross street. This description given as above summarized without reference to the map is wholly misleading and inadequate. The statement that the lot has a frontage naturally suggests that it is bounded on a street or some other open space, whereas as a matter of fact the portion of these lots sought to be assessed abutted on the sides of other lots and not on any street. In the next place, there is nothing in the description of the assessment roll which would sufficiently apprise any person where this alleged frontage was

located, and, therefore, from what point the line of depth of 66 feet was to be measured. A person having nothing to guide him except this description, and being prohibited from making any use of the map referred to, would be utterly unable to locate the premises assessed and for which he might bid on a tax sale. It would only be by reference to a map showing the location and boundaries of one of these lots that a person would be able to determine where the portion thereof attempted to be assessed was located and the boundaries between which the frontage and depth should be measured. While, as we indicated in the case of the lots denoted by numerals an error of a few inches in the depth of a lot might be disregarded or corrected by reference to the surveyor's stakes in connection with the other accurate data given in the assessment roll, we do not think that a description so utterly deficient as the one given for the lots now being considered would be sufficiently helped out by such stakes. The description is so wholly vague that it would not convey a fair indication of the pertinency of the stakes as indicating applicable boundary lines.

In accordance with these views, we think that the judgment appealed from should be affirmed, without costs to either party, so far as it relates to lots 2, 4, 6, 8, 10, 12, 14, 16 and 18 on the north side of Whitney avenue, and lots 5, 7, 9, 11, 13, 15 and 17 on the north side of Washington place, and that it should not only be reversed, without costs, so far as it relates to what is described as the east part of lots D, E and F on the east side of Whirlpool street; but that inasmuch as the trial court has fully found the facts which determine the rights of the parties, and these facts apparently could not be changed on a new trial, judgment should be directed and entered in favor of the plaintiff as to said latter lots in accordance with our views hereinbefore expressed on the authority of *Riggs* v. *Palmer* (115 N. Y. 506).

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.