(91 Misc. Rep. 269)

## CARY v. HATCH et al.

(Supreme Court, Special Term, Erie County. July 2, 1915.)

1. MUNICIPAL CORPORATIONS ⬤═980—TAX SALE—ACTION ON CERTIFICATE—OMISSIONS.

In an action under Laws 1909, c. 384, amending the Buffalo City Charter (Laws 1891, c. 105), providing by section 115a that the holder of any certificate of tax sale, instead of taking a conveyance of property, might recover the amount paid therefor, and by section 115f that no certificate of sale, on which the holder should elect to recover, should be deemed invalid on account of any irregularity therein, or in the proceedings relating thereto, or of any error or omission in the description of the property assessed or sold, if sufficient to identify it with reasonable certainty, the failure of the city assessors, required to certify and deliver two copies of the rolls, one to the comptroller and one to the board of

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

supervisors, to make oath to the copies, or to certify them, was covered by section 115f.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2124–2133; Dec. Dig. ☞980.]

2. MUNICIPAL CORPORATIONS ☞957—TAX SALE—SUIT FOR MONEY—CONSTITUTIONALITY.

Laws 1909, c. 384, amending the Buffalo City Charter providing by section 115f that, in an action by the holder of a tax certificate to recover the amount paid therefor, no such certificate should be deemed invalid on account of any irregularity or any error or omission in the description of the property assessed or sold, if sufficient to identify such property with reasonable certainty, is constitutional.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2015–2022; Dec. Dig. ☞957.]

3. MUNICIPAL CORPORATIONS ☞972—TAXES—ASSESSMENT—PERSONS.

Under Buffalo City Charter (Laws 1891, c. 105) § 136, providing that the board of assessors shall keep maps and surveys of taxable property, to which they shall refer in the annual assessment rolls, in certificates of sale for unpaid taxes, etc., assessment against persons appearing to be owners under tax deeds open to the inspection of the assessors was sufficient, since they could not be required to go beyond such a record, nor could they assume that such a title was invalid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2075, 2078–2082; Dec. Dig. ☞972.]

4. MUNICIPAL CORPORATIONS ☞972—TAX SALE—ACTION ON CERTIFICATE—DESCRIPTION.

In an action to recover money on certificates of tax sales, a description of the property by the frontage and depth was sufficient, and also within the requirement of Laws 1909, c. 384, amending the Buffalo City Charter, and providing by section 115f that no certificate of sale should be deemed invalid on account of any error or omission in the description of the property assessed or sold, if it was sufficient to identify it with reasonable certainty.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2075, 2078–2082; Dec. Dig. ☞972.]

5. MUNICIPAL CORPORATIONS ☞980—TAX SALE—ACTION ON CERTIFICATE—ESTOPPEL.

In an action under Laws 1909, c. 384, amending Buffalo City Charter, to recover the amounts paid on certificates of tax sales, defendant, whose assignor in his answer elected to recover his money back, instead of taking a conveyance, was estopped from claiming under his tax deed from the city as against the plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2124–2133; Dec. Dig. ☞980.]

6. LIMITATION OF ACTIONS ☞58—ACCRUAL—TAX SALE—ACTION ON CERTIFICATE.

Since a cause of action to recover money paid on tax certificates did not accrue until Laws 1909, c. 384, § 115a, amending the Buffalo City Charter, tax sales embraced in the action, which were more than 22 years old when it was begun, were not outlawed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 324–328, 346, 347; Dec. Dig. ☞58.]

7. MUNICIPAL CORPORATIONS ☞980—TAX SALE—ACTION ON CERTIFICATE—"SUFFERED ACTUAL INJURY."

In an action to recover the amount paid on tax certificates, brought under Laws 1909, c. 384, § 115a, amending the Buffalo City Charter, and section 115f, providing that in such action no certificate of sale should be deemed invalid on account of any irregularity therein, or in the proceed-

ings relating thereto, unless it is shown that the person complaining thereof has "suffered actual injury" therefrom, defendant, who took title in 1897, acting upon what appeared to be good legal advice as to the legality of the assessments, but which did not foresee the remedy created by the amendment, had not "suffered actual injury."

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2124–2133; Dec. Dig. ⬤⇒ 980.]

Action by Thomas Cary against Albert G. Hatch and others. Judgment for plaintiff.

John E. Barry, of Buffalo, for plaintiff.

Clifford P. Fell, of Buffalo (Percy S. Lansdowne, of Buffalo, of counsel), for defendant Albert G. Hatch.

TAYLOR, J.   Plaintiff brings this action under the provisions of chapter 384 of the Laws of 1909 of this state, as amended, to foreclose a claimed lien of city and county tax certificates of sale; it is not an action to divest or forfeit title to land, but an action to recover back moneys claimed to have been paid for taxes levied against the lands of another. A considerable number of points have been raised by defendant Hatch. Inasmuch as I have decided to find for the plaintiff, I shall discuss these points separately, in order that the parties may have my reasons for reaching my conclusion.

Defendant Hatch's first claim is that none of the assessment rolls upon which these tax sale certificates were based were verified or certified as required by law. Section 138 of the charter (Laws 1891, c. 105) provides that the first parts of said assessment rolls "shall contain the assessed valuations of the taxable lands of each ward substantially in the form in which town assessors are required to make them." Defendant Hatch claims that this means that the whole first part of the roll, including everything, shall be in the form substantially in which town assessors are required to make such rolls; however, it seems that this provision of the statute seems to require the board of assessors to follow the form used by the town assessors only in respect to the form in which statements of assessed valuations shall be made.

[1, 2] The question to be determined is: Are the claimed defects and deficiencies mere "omissions" or "informalities"? If so, section 115f of chapter 384 of the Laws of 1909 applies; otherwise not. If it were a matter of transferring title by legislation, if the proceeding had been so contrary to the provision of the statute that there had been no valid assessment whatever, then no title passed, in spite of section 115f. The city assessors were required to certify and deliver two copies of the rolls, one to the comptroller and one to the board of supervisors. The original roll is evidently to be retained by the assessors. The defendant Hatch claims that the law requires both of these copies to be authenticated by original oaths and certificates written on them, and that such authentication in some instances is lacking. The presence of a copy oath, even, does not seem to be essential on these copy rolls thus furnished and certified. Bradley v. Ward, 58 N. Y. 401. No defect is claimed to be more fatal than the absence of

certification on the roll for 1896; this sort of a defect is covered by the curative statute hereinbefore mentioned (section 115f, chapter 384, Laws of 1909), and I think that such statute is clearly constitutional. Matter of Lamb, 51 Hun, 633, 4 N. Y. Supp. 858, affirmed 121 N. Y. 703, 24 N. E. 1100.

[3] The assessments were made to the persons appearing to be owners under tax deeds open to the inspection of the assessors. This is a sufficient compliance with the charter, since the assessors cannot be required to go beyond such a record; nor can they assume that such a title is invalid. Section 136, chapter 105, Laws of 1891; Matter of Long Beach Land Co., 106 App. Div. 253, 94 N. Y. Supp. 282.

[4] Defendant Hatch claims that the descriptions of the property were incomplete and insufficient. Inasmuch as the frontage and depth were set forth, the frontage being specified as on the northeast corner of Sixth street, at the north corner of Hudson street, in the city of Buffalo, I think that the sufficiency of the description is sustained by the opinion in Fulton v. Krull, 200 N. Y. 105, 93 N. E. 494. It also meets the requirements of section 115f, supra.

[5] Defendant Hatch claims that the acquiring by him of a tax deed on October 7, 1913, bars the plaintiff from asserting any rights under this statute. As to this, it suffices to say that defendant Hatch's assignor, Wiltsie, in his answer herein elected to recover his money back, instead of taking a conveyance. I think that thereby defendant Hatch is estopped from claiming under his deed from the city of Buffalo as against this plaintiff, who is endeavoring merely to recover amounts paid as mentioned in certificates of tax sales.

[6] The claim is further made that all tax sales embraced in this action which were more than 22 years old at the time the action was brought are outlawed. The answer to this is that the plaintiff's cause of action did not accrue till 1909; therefore it is not barred even by the 6-year statute of limitation. Cary v. Koerner, 200 N. Y. 253, 93 N. E. 979.

[7] The claim of the defendant Hatch that he has "suffered actual injury" (section 115f, supra) is not tenable. To be sure, when he took title in 1897, he acted upon what we should all probably deem to be good legal advice as to the legality of these assessments. But that legal advice seems to have turned out not to have been good, on account of its not having been based on foreseeing the remedy created by chapter 384 of the Laws of 1909.

Plaintiff is entitled to the relief demanded in his complaint, with costs, and he may present findings.