ALBERT CONWAY, Superintendent of Insurance of the State of New York, as Liquidator of the NATIONAL AUTOMOBILE MUTUAL CASUALTY COMPANY, Plaintiff, v. LUDWIG PLANK, Defendant.

Supreme Court, Albany County, March, 1930.

*Clarence C. Fowler* [*Pinckney Estes Glantzberg* of counsel], for the plaintiff.

*James F. Conway*, for the defendant.

STALEY, J.   Defendant moves to dismiss the complaint herein on the ground that the action at the time of its commencment was barred by the Statute of Limitations.

The company was dissolved by order of June 28, 1923, wherein the rights and liabilities of policyholders, creditors and others were fixed as of July 12, 1923.

The assessment for which the action is brought was made by the liquidator on May 29, 1924, thereafter presented to the court and confirmed by order of June 24, 1925.   This action was commenced on December 7, 1929.

A cause of action accrues when the plaintiff first becomes entitled to maintain the action in question.   (*Cary* v. *Koerner*, 200 N. Y. 253.)

No action for the assessment could be commenced until the amount of the assessment was ascertained and levied.

The provision of section 63 of the Insurance Law (as amended) fixing the rights and liabilities of the corporation, its policyholders and all persons interested in its assets as of the date of the entry of the liquidation order was not intended to accelerate rights of action which had not fully accrued.

The purpose of the provision is to supply a definite date of settlement of the affairs of the company.   Unexpired policies of the insol-

404

vent company and liabilities thereunder to policyholders must come to an end as of some certain time and the provision in the liquidation order fixing July 12, 1923, as a date of termination of liabilities was probably intended to establish a definite termination and likewise to give policyholders an opportunity to obtain protection through other companies.

A termination of liabilities and the establishment of amount of assets is a necessary procedure to enable the liquidator to ascertain the status of the company and the necessity for an assessment of the policyholders, and if assessment be necessary, the amount thereof.

In my opinion the right of action for the assessment did not accrue until the assessment was determined and levied and the action herein was commenced within the time allowed by law after such determination.

Motion denied, with ten dollars costs.