ALBERT CONWAY, Superintendent of Insurance of the State of New York, as Liquidator of the STANDARD AUTOMOBILE MUTUAL CASUALTY COMPANY, Plaintiff, *v.* WILLIAM KAUPP, Doing Business as ELITE MOTOR TRANSPORTATION, Defendant.*

Supreme Court, Albany County, February 6, 1931.

*Clarence C. Fowler* [*Pinckney Estes Glantzberg* of counsel], for the plaintiff.

*Andrew Eckel*, for the defendant.

* See, also, *Conway* v. *Plank* (136 Misc. 403).

STALEY, J. The only issue involved herein under the stipulated facts is whether the action was barred by limitation at the time of its commencement.

The summons herein was delivered May 9, 1930, to the sheriff of Queens county. Such delivery extends the statute for an additional sixty days after the expiration of the time limited for the actual commencement of the action by personal service. (Civ. Prac. Act, § 17.) Personal service was made on July 9, 1930.

The order directing liquidation was made on April 5, 1923. Thereafter the report of the liquidator with an audit of the affairs of the company was filed, which included an assessment upon policyholders including this defendant and motion was noticed for an order approving said report, audit and assessment. The order of approval and confirmation was made and entered on June 27, 1924.

Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete. (Civ. Prac. Act, § 15.)

From the very circumstances of the case a demand for the payment of the assessment which was a contingent liability which depended upon the performance of a condition precedent, was a necessary procedure, and the right to make such demand was not complete until under the liquidation proceedings the assessment had been approved by the court and had become a claim established in fact and amount after full opportunity to the policyholder to contest therein the validity of the power to make the assessment and the accuracy of the amount thereof. (*Swing* v. *Engle*, 143 App. Div. 181, at p. 186.)

The work of the liquidator must be done under the supervision of the court. (*Matter of Casualty Company of America*, 244 N. Y. 443.)

The assessment became a legal claim against the defendant at the date of the confirmation of the report of the liquidator and of his assessments made therein. That date was June 27, 1924. It was not until then that the plaintiff became entitled to maintain the action as it was then that the cause of action set forth herein accrued. (*Cary* v. *Koerner*, 200 N. Y. 253.)

The delivery of the summons to the sheriff on May 9, 1930, and the subsequent service on July 9, 1930, rendered the commencement of the action free from any bar by lapse of time.

Findings of fact in accordance with the stipulation and conclusions of law in accordance with this memorandum may be presented, awarding judgment in favor of the plaintiff and against defendant.