ENRICO ESPOSITO, Plaintiff, *v.* ALFONSO ANTONELLI, Also Known as ALFONSE ANTONELLI, Also Known as ALFONSO ANTHONY, Also Known as ALFONSE ANTHONY, CATHERINE ANTONELLI, Also Known as CATHERINE ANTHONY, THE NORTHERN NEW YORK TRUST COMPANY, THE ÆTNA CASUALTY AND SURETY COMPANY, ST. LOUIS INDEPENDENT PACKING COMPANY, CHRISTINA CRESCENT, HERBERT N. TEEPELL and Another, ás Executors, etc., of HERBERT O. TEEPELL, Deceased, JOHN H. O'BRIEN and CHARLES E. REYNOLDS, Defendants.

Supreme Court, Jefferson County, November 17, 1937.

*Cullen, Norris & Reynolds,* for the plaintiff.

*John H. O'Brien,* for the defendant John H. O'Brien.

*Lawrence R. Ormiston, Corporation Counsel of City of Watertown, amicus curiæ.*

CREGG, J.   This action was brought for the purpose of securing a declaratory judgment determining the title to certain property in the city of Watertown.   Plaintiff procured his title through a tax deed from the city.   The only defendant who appeared and answered is the defendant John H. O'Brien, who was the owner of a mortgage against said premises from the time the tax was levied until the property was deeded to plaintiff and during all the times mentioned in the complaint.   The city of Watertown came in at the trial and through its corporation counsel, Lawrence R. Ormiston, moved to appear as a friend of the court, which motion was granted.

The undisputed evidence shows and it is conceded that the tax in question was duly and regularly levied and assessed against the property in question and that it was sold and the tax deed delivered strictly in accordance with the provisions of the charter of the city of Watertown, which is chapter 660 of the Laws of 1923,   Section 142 of title 13 of that chapter provides as follows:

" § 142. At least three months before the expiration of the time for the final redemption of any parcel or lots so sold, the treasurer shall commence the publication of a notice of redemption from such sales, which shall show the year when the sale took place, and the last day for the redemption of the lands not already redeemed by the owners, without other or further description, and such notice shall be published at least once a week for three successive weeks in the official newspaper of said city. *The publication of such notice shall bar and preclude any and all persons except the purchaser on such sale, or his heirs or assigns, or the person finally redeeming, from claiming any interest in or lien upon said lands or any part thereof, in case the said lands shall not be redeemed from such sale as herein provided.*"   (Italics mine.)

It is claimed by the defendant O'Brien, as mortgagee, that section 138 of the Tax Law of the State of New York should be read and ·construed in connection with the charter of the city of Watertown and that he was entitled to personal notice of the time in which he could redeem the premises in question.   It is conceded that no such notice was given.   So that the only question with which we are concerned here is whether or not such notice should have been given.

Plaintiff claims that the procedure provided for in the Watertown city charter from the time of the levying of the assessment to the sale and delivery of the deed is full and complete; that it is not in any way in conflict with the Tax Law but furnishes an absolute and complete remedy in and of itself; that if it were in conflict with the Tax Law, the charter should prevail.

I agree with plaintiff's contentions. (See *Fulton* v. *Krull*, 200 N. Y. 105, which is a case very similar to the instant case.) Judge Hiscock, writing the opinion for the court in the *Fulton* case, said (at p. 109): " An examination of the charter of the city of Niagara Falls shows complete provision for the taxation of real property from the assessment to the sale thereof, and it expressly provides that the assessors shall ' be subject to all the obligations and per- form all the duties specified in this act in reference to the assessment of property within said city.' *The General Tax Law does not pur- port, specifically or directly, to repeal or modify the former statute, and this being so, we think it is the rule that an intent will not be pre- sumed on the part of the Legislature so to do in the case of a special act completely covering and providing for the matters in question."* (Italics mine.)

I, therefore, find and decide that the plaintiff is the absolute owner of the property in question through his deed from the city of Water- town free and clear from all liens and incumbrances as of the date of the delivery of said deed.

Judgment may be entered accordingly.