ELLEN MCCARTHY, Appellant, *v.* JOHN EMMA, Respondent.

Third Department, June 29, 1951.

*Henderson G. Riggs* and *DeFilippo Brothers* for appellant.

*Boyd McDowell, II,* for respondent.

BREWSTER, J. Plaintiff appeals from a judgment of the Supreme Court rendered at Special Term in Chemung County (NEWMAN, J.), dismissing her complaint, resulting from a denial of her motion for summary judgment and the granting of defendant's cross motion for the relief obtained.

The real estate premises in question, in the city of Elmira, then owned by Daniel P. and Arthur J. McCarthy, were sold by the city to the defendant for unpaid taxes in June, 1947. The sale and matters subsequent incident thereto are governed by relevant provisions of the city's charter which have been in effect for many years. (L. 1906, ch. 477.)

Plaintiff, as the assignee of a mortgage, whose mortgage was duly recorded at the time of the tax sale, and is unpaid, having unsuccessfully sought to redeem the premises from the sale, maintained this action to accomplish a redemption and a cancellation of defendant's indicia of title.

The motions before the Special Term presented the question of the mortgagee's right to redeem from the tax sale when tender was made to defendant on October 11, 1950, over three years and four months after defendant duly recorded his certificate of sale and over a year and four months after he received and duly recorded his declaration of sale, both of which were issued in conformity with applicable provisions of the city charter. Only that same question is presented upon this appeal and it is conceded that the correct answer involves an interpretation or construction of certain pertinent provisions of sections 61 and 62 of the city charter.

In language which, perhaps, is somewhat quaint, section 61, in substance, provides that any " owner or claimant " of real estate sold at a city tax sale, may redeem therefrom within fifteen months from the day of sale by paying to the purchaser the amount paid by him, etc., and that upon " such payment being made, the title acquired by such sale shall cease and determine." Then follows a provision that one having a " judgment or decree " which shall be a lien on the premises at the time of sale, or within fifteen months thereafter " may defeat the sale " during said period " as the owner or claimant * * * may do ", etc. Section 62 of the charter begins with a provision which states: " No sale of real estate hereafter made for non-payment of any tax or assessment shall destroy, or in any manner affect, the lien of any mortgage thereon duly recorded * * * at the time of such sale, except as hereinafter provided." It is then next stated that, " It shall be the duty of the purchaser at such sale to give to the mortgagee a written notice of such sale, requiring him to pay the amount of the purchase money, with interest at the rate allowed * * * within six months after the giving of such notice. If such payment shall be made, the sale shall be of no further effect, and the mortgagee

shall have a lien on the premises for the amount paid ", etc.; and that, " In case the mortgagee shall fail to make such payment within the time so limited he shall not be entitled to the benefit of the last preceding section ", viz., the aforesaid section 61.

Thus, in rendering the judgment appealed from, the Special Term, in effect, has held that the mortgagee had a right to redeem within the fifteen months' period following the sale pursuant to said section 61, but that having failed to do so, he lost his right thereunder, and that his right to now redeem arises only in the event the purchaser gives him a written notice of such sale as provided for in section 62. It is conceded that the purchaser has never given such notice and accordingly it was held that the action to force the redemption could not be maintained; that plaintiff's remedy was to foreclose her mortgage which, by virtue of the first sentence in said section 62, was wholly unimpaired as a result of the sale.

I agree with the interpretation of the Special Term. The way the rights and remedies of a mortgagee are and have been handled by the general statute (Tax Law) or in adjudicated cases governed by special statutes have no place here, as it seems conceded that the city charter of Elmira is complete upon that subject. (*Buffalo Cemetery Assn.* v. *City of Buffalo,* 118 N. Y. 61; *Fulton* v. *Krull,* 200 N. Y. 105; *Esposito* v. *Antonelli,* 164 Misc. 912.) The phraseology which states it to be the " duty " of the purchaser to give the mortgagee a notice " requiring " him to, in effect, redeem, at the peril of losing his right to do so under section 61, to my mind merely means that it is his duty to do so if he desires to shorten the fifteen months' period allowed by that section. However, notice or no notice, redemption or no redemption, the mortgage lien is preserved by the opening sentence of section 62. The notice operates to shorten the fifteen months' period of redemption as to a mortgagee, and if given thereafter, to revive it for six months. But regardless of the notice, the mortgage lien survives the tax sale.

The orders and judgment should be affirmed.

FOSTER, P. J., HEFFERNAN, DEYO and BERGAN, JJ., concur.

Orders and judgment affirmed, with costs. [See *post,* p. 1028.]