Daniel J. McAvoy, J.
This is a motion by plaintiff, Insurance Commissioner of the Commonwealth of Pennsylvania, and as such, Statutory Liquidator of General Mutual Fire Insurance and Reinsurance Company (dissolved), against the defendants Banks, residents of this State, for summary judgment in this action for a declaratory judgment — and to strike out a defense that the action is barred by the Statute of Limitations.
The action seeks a declaration adjudging and decreeing that the assessment order and decree of the Court of Common Pleas, Dauphin County, Pennsylvania, made on May 10, 1958, and the assessment levied by the liquidator pursuant thereto against members and policyholders of the insurance company, including these defendants, during the loss period from December 22,1947 to November 1,1951 are valid and enforeible in this State.
The assessment against these defendants was. in the amount of $1,313.86 together with interest from May 10, 1958.
The plaintiff’s motion papers and certain documents attached thereto set forth evidentiary facts showing that the insurance *691 company became insolvent and by order of the Pennsylvania court was dissolved on November 2, 1951; that the defendants were members and policyholders of the company; that by virtue of their membership, and by the provisions of the by-laws of the company and the provisions of their policies of insurance, the defendants agreed to pay premiums on their policies and to pay certain additional premiums or assessments to indemnify the company against claims of policyholders and creditors; that on May 10, 1958 upon plaintiff’s petition and due notice to the defendants, the said Pennsylvania court directed all such policyholders to pay certain assessments pursuant to an assessment order and decree (copy attached to the complaint); that the Insurance Commissioner thereafter, and in accordance with such assessment order and decree, determined the assessment against the defendants on their policy to be in the total amount of $1,313.86; that this assessment the defendants have failed and refused to pay.
The defendants have denied generally the material allegations of the complaint. However, they have set forth no evidentiary facts which would defeat plaintiff’s claim or raise a triable issue of fact as to its validity.
The only defense presented by the defendants is that plaintiff’s claim was barred by the Statute of Limitations. In this connection it has been held that the cause of action accrues when the plaintiff first becomes entitled to maintain the action — and no action for the assessment can be commenced until the amount of the assessment is ascertained and levied. (See Conway v. Plank, 136 Misc. 403; Beha v. Weinstock, 247 N. Y. 221; see, also, Schofield v. Turner, 213 Pa. 548; Bell v. Brady, 346 Pa. 666.)
Here, the assessment order and decree of the Pennsylvania court was made on May 10, 1958. Hence, this action was commenced within the time allowed by law. (See Conway v. Plank, supra.) The defendants, notwithstanding they were not parties before the Pennsylvania court, were bound by the proceedings there had, which resulted in the order for an assessment. The decree, although subject to direct attack, was not subject to collateral attack. (See Stone v. Penn Yan, K. P. & B. Ry., 197 N. Y. 279, 283.)
The only formal direct attack made on the Pennsylvania decree was that it was barred by the Statute of Limitations. This we have held was not a valid defense as a matter of law, because the statute did not commence to run until the assessment and decree were made on May 10,1958. (See Conway v. Plank, supra; Beha v. Weinstock, supra; see, also, Cary v. Koerner, 200 N. Y. 253.)
*692 The validity of the assessment and decree, insofar as the facts appear on this motion, was governed by the laws of the State where the insurance company had its domicile. (See Matter of Auto Mut. Ind. Co., 14 N. Y. S. 2d 601.)
Our courts have been liberal in allowing foreign receivers to sue. (See Hastings v. Byllesby & Co., 286 N. Y. 468, 475; see, also, Howarth v. Angle, 162 N. Y. 179, 192.)
For the reasons hereinabove set forth, the plaintiff’s motion is granted.