Richard Aronson, J.
The plaintiff in this action is the statutory liquidator of the General Mutual Fire Insurance and Reinsurance Company, a Pennsylvania insurance corporation dissolved because of insolvency by order of the Court of Common Pleas of Dauphin County dated November 2, 1951. On May 10, 1958 that court ordered the liquidator to levy assessments against members of the defunct company who had policies in force between December 22, 1947 and November 1, 1951, one of whom, as appears from copies of policies and dailies submitted in support of the motion, is the defendant, said assessment being deemed necessary to pay the loss and debts of the company. The defendant was notified of his assessment by notice on September 5, 1958, and was sent an assessment levy bill at that time.
The plaintiff has brought suit in this court for a declaration of the validity of the assessment order and decree against this defendant and also to recover from the defendant the assessment duly levied against him pursuant thereto in the amount of $1,274.71, with interest thereon from May 10, 1958.
The defendant has denied generally the allegations of the complaint and sets forth several affirmative defenses; namely, that the insurance contract was illegal and void; that the Statute of Limitations bars this action, and that the policy itself provided that additional assessments must be made within a year from termination or cancellation of the policyholder’s contract. Both parties have moved for summary judgment.
This is not an action to recover assessments on two mutual assessable insurance policies as urged by the defendant. It is an action for a judgment of this court declaring that the assessment order and decree of the Court of Common Pleas of Dauphin County, Pennsylvania, made on May 10, 1958 is valid and enforcible in New York and that the defendant should pay his proportionate liability of $1,274.71.
Considering first the defense of the Statute of Limitations interposed by the defendant, it is the plaintiff’s position that under the authorities of both Pennsylvania and New York the Statute of Limitations for the collection of an assessment begins to run for a period of six years from the date on which *150 the court enters an order for assessment of member policyholders (Schofield v. Turner, 213 Pa. 548; Convay v. Plank, 136 Misc. 403). The defendant, however, maintains that the Statute of Limitations starts to run when the cause of action accrued and that -the plaintiff’s cause of action accrued not when the order of assessment was made, which was six or seven years after the plaintiff was appointed, but after a reasonable time within which she could have made a demand for the assessment order. The defendant urges that the plaintiff failed to act within a reasonable time after her appointment and she cannot thereby arrest the running of the statute since it was within her power to obtain the order of assessment a long time before she did só. The defendant relies on Bell v. Brady (346 Pa. 666 [1943]), which was concerned with the assessment of shares of an insolvent bank.
The court is of the opinion that the plaintiff’s cause of action accrued at the time she obtained the order of assessment which was on May 10, 1958, notwithstanding that it took her from November 2, 1951 until that former date to determine the necessity for the assessment and to obtain the order therefor. It appears that the rule in cases involving assessments of members of mutual insurance companies is that the statute does not begin to run until the date of the making of the order of assessment (Schofield v. Turner, supra). The Schofield holding has in fact been followed in a decision of Hon. Daniel J. MoAvoy, Justice of the Supreme Court of the State of New York, in the case of Kelly v. Banks (41 Misc 2d 689) involving facts identical with those present here. In view of the foregoing the defense of the Statute of Limitations cannot be sustained.
The defendant further maintains that the action is barred by certain provisions contained in the policies applicable to an assessment which are as follows:
‘ ‘ MUTUAL PROVISIONS: THE INSURED IS HEREBY - NOTIFIED — That by virtue of this policy he is a member of the general MUTUAL FIRE INSURANCE AND REINSURANCE COMPANY, PHILADELPHIA, penna., and that the annual meeting of said company, is held at its home office on the fourth Monday in April of each year.
“ The liability to premium calls on this policy is limited to an amount not to exceed one time the premium written on this policy.
‘ ‘ Any such additional premium, as so limited, shall be levied within one year from the date of expiration or cancellation of this policy and not later. ”
*151 At the outset it should be noted that the Pennsylvania order and decree of May 10, 1958 and the levy of the Insurance Commissioner pursuant thereto are entitled to full faith and credit in New York and the courts of this State must recognize and enforce the Pennsylvania decrees (U. S. Const., art. IV, § 1; Smith v. Abbate, 201 F. Supp. 105 [U. S. Dist. Ct., S. D. N. Y., 1961]). Once the necessity and validity of the assessment has been determined by the Pennsylvania court, the defendant is bound thereby (Matter of Auto Mut. Ind. Co., 14 N. Y. S. 2d 601, 607 [Sup. Ct., N. Y. County, 1939]). It is not for this court, therefore, to question whether the assessment was necessary or the amount thereof proper or whether the application therefor was made within a reasonable time. The decree, while subject to direct attack, is not subject to collateral attack (Stone v. Penn Yan, K. P. & B. Ry., 197 N. Y. 279, 283 [1910]). On the other hand, there is no doubt that the proceedings in Pennsylvania were in rem rather than in personam and that this defendant was not a party thereto in Pennsylvania. Therefore, although not able to question the Pennsylvania court’s determination as to the assessment, he may raise defenses of an individual nature (Hood v. Guaranty Trust Co., 270 N. Y. 17, 26, 27; Pope v. Heckscher, 266 N. Y. 114; Smith v. Schwarts, 398 Pa. 555). The personal defense of the running of the Statute of Limitations, while failing for the reasons outlined above, is not then barred by reason of the full faith and credit provisions of the Constitution. With reference to the one-year policy limitation, however, it should be noted that the statutory liquidator was appointed in 1951 and the assessment order was made in 1958. If the policy limitation of one year were held to affect the liquidator, then no assessment at all could have been made after 1952. Obviously then, the policy limitation is not a personal defense inasmuch as it goes to the very essence of the assessment order. Therefore, by reason of the full faith and credit that must be afforded to the assessment order itself, the defendant is precluded from raising the one-year limitation contained in the policy as a defense against the statutory liquidator. The Pennsylvania Court of Common Pleas of Dauphin County has ruled that an assessment was proper in the liquidation proceeding and this court cannot overrule that determination by imposing a one-year limitation since that would, in effect, constitute a collateral attack upon the judgment of the court of a sister State.
Also, it appears that the right of the statutory liquidator to make assessments is of statutory creation and that she does *152 not derive all of her authority from the policy itself. It does appear that the liquidator is chargeable with making assessments to pay those claims that she deems meritorious and is not bound by policy time limitations. (See Stockley v. Hartley, 12 Pa. Super. Ct.;628.) The case of Beha v. Weinstock (247 N. Y. 221) construes the effect of section 346 of the Insurance Law of New York State, which provides that notices of assessments to cover losses shall be made within one year after the expiration or cancellation of the member’s policy. The court in that case held that section 346 of the Insurance Law applied only to the company as a going concern and not to the Superintendent of Insurance as liquidator of the company involved. Although in the present case we are concerned not with the statutory limitation but with a policy limitation, the reasoning of the court in the Beha case (supra, p. 226), is applicable to the situation confronting this court.
The assessment order and decree of the Court of Common Pleas of Dauphin County, Pennsylvania, is entitled to full faith and credit in this State as are the assessment levy bills prepared in accordance with the insurance records of the dissolved insurance company of which plaintiff is the liquidator.
The defendant by its answer has raised certain defenses to the action and the insufficiency of the second, third, fourth and fifth affirmative defenses have been determined herein.
The first affirmative defense, viz.: that the General Mutual had no authority to do business within the State and that the contract was made to avoid the laws of New York, is insufficient. The company, although not licensed to do business in New York, had a right to write insurance therein in response to requests to do so from New York excess-line brokers pursuant to section 122 of' the Insurance Law. The activities of such excess-line brokers who are created by special license from the Insurance Superintendent are well known in New York, and much insurance is obtained for New York residents in foreign jurisdictions through their efforts. It is well established that it is proper for New York residents to procure insurance from unlicensed and unadmitted insurance companies through excess-line brokers. Such insurance contracts are enforcible in this State and assessments levied by insurance companies not licensed to do business in New York are valid and enforcible therein against New York policyholders.
Having held that the affirmative defenses set forth in the defendant’s answer are insufficient, and that the assessment *153 order and levy based thereon are entitled to full faith and credit, there remains the question as to whether the pleadings or affidavits submitted in opposition to the motion for summary judgment by the plaintiff raise any triable issues of fact. The defendant does not deny that he received the notice of assessment or that the policies of insurance upon which it is based were issued to him or that he paid the premiums thereon. He merely asserts that he has no recollection of having been served with any written notices or that he paid premiums on the policy, and he denies that any policies were forwarded to him. In that regard, annexed to the plaintiff’s moving papers are copies of the policies, the dailies and other documents taken from the files, books and records of the General Mutual and kept in the regular course of its business which contain specific information not denied by the defendant about which, however, he claims he has no recollection.
In the face of this abundance of documentary proof furnished by the plaintiff, a mere statement by the defendant that he does not remember that such documents existed does not create an issue of fact that should be determined only at a trial. It is not enough that a defendant deny a plaintiff’s presentation in summary judgment. He must state his version and do so in evidentiary form (O’Meara Co. v. National Park Bank, 239 N. Y. 386, 395).
All that the defendant has done by his answer and affidavits is to make a tenuous effort to create an issue. Even after reading the defendant’s affidavit there remains no doubt as to the issuance of the policies to him and the steps thereafter taken by the plaintiff pursuant thereto. The court is of the opinion that no triable issues of fact are raised by the pleadings or affidavits and that the plaintiff is entitled to summary judgment. “ The purpose of summary judgment procedure is to search out the evidentiary facts and determine an issue from them. Bald conclusory assertions, even if believable, are not enough. Bald conclusory assertions, which defy reality and are inconsistent with the pattern of events, are even less so.” (Kramer v. Harris, 9 A D 2d 282, 283.)
The plaintiff’s motion for summary judgment is, therefore, granted and the defendant’s motion therefor is denied, both without costs.