William G. Easton, J.
This is an action at law to recover the amount of an assessment made by the Pennsylvania State Insurance Liquidator, pursuant to court order, against the defendant, as a result of the compulsory liquidation of a mutual insurance company. The defendant’s answer contains 10 affirmative defenses. The plaintiff moves for summary judgment.
This plaintiff has been granted summary judgment in six other identical cases, to wit: Kelly v. Banks (41 Misc 2d 689 [Supreme Ct., Cortland County, 1963, Justice McAvoy] ); Kelly v. Bremmerman (42 Misc 2d 148 [Supreme Ct., Onondaga County, 1964, Justice Aronson] ); Kelly v. Gas Corp. (Supreme Ct., Sullivan County, March 13, 1964, Justice Elsworth) ; Kelly v. Amore (Supreme Ct., Ontario County, March 21, 1964, Justice Brisco) ; Kelly v. Philip (Supreme Ct., Niagara County, April 24, 1964, Justice Kronenberg) and Kelly v. Caruso (Supreme Ct., Monroe County, May 6, 1964, Justice Macken).
This court has read these decisions, and the voluminous moving papers and briefs in the case at bar. It is unnecessary to rediscuss the many facets of this case except to treat the defendant’s fourth and sixth affirmative defenses of “ laches ” upon which the defendant places great emphasis and which question apparently was not raised and certainly not mentioned in these prior decisions. In substance, these defenses assert that the plaintiff waited an unreasonable length of time to obtain the assessment order (May 10, 1958) which was some six and one-half years after the original liquidation order (Nov. 2,1951). This delay between the liquidation and the assessment order in turn postponed the starting of the six-year Statute of Limitations which concededly does not start to run until the date of the assessment order. This issue of laches was not met very well by the plaintiff’s papers, nor by oral argument.
To support his position the defendant cites the case of Bell v. Brady (346 Pa. 666 [1943]), and urges that the question of laches is one of fact for a jury or the trier of the facts. The unapplicable New York State Insurance Law (§ 541) places an arbitrary three-year limitation on this procedure between liquidation order and final assessment order. The Pennsylvania statutes are silent on the time element.
A complete rundown on the case of Bell v. Brady (supra), which was a bank liquidation case, reveals that it has been virtually overruled upon at least two subsequent occasions by the Supreme Court of that State (Freeman v. Royal, 351 Pa. 266 [1945]; Freeman v. Brady, 352 Pa. 249 [1945]). In effect, these last two cited cases hold that where an obligation is statutory it can only be enforced by an action at law, and as *435 distinguished from a contractual obligation, the enforcement thereof in imposing assessment is not governed by the principle applicable solely to the law of contracts which would require the liquidator to do so within a reasonable or other prescribed time.
In the case of Freeman v. Rogal it was held that the principle, that where the time of making a demand is within plaintiff’s control it must be made within a reasonable time, as regards limitations, applies only where the liability is contractual and not where it is created by law such as a bank stockholder’s statutory liability, and that actions to recover on statutory liability of stockholders as of banks being liquidated by the Secretary of Banking, must be brought at law. This case referred back to Bell v. Brady, and Justice Stebbt speaking for the court (the same Justice who spoke in the Bell v. Brady case) said (pp. 269-270): “we cannot sanction the proposition that in the enforcement of the statutory liability the Secretary of Banking is governed, in imposing an assessment, by a principle, applicable solely to the law of contracts, which would require his doing so within a reasonable or otherwise prescribed time. We are further supported in this view by the consideration that while, in the Brady case, the proceedings were in equity before a chancellor, actions to recover on the statutory liability must be brought at law * * * and it would be obviously impractical to have a multitude of different juries, in suits brought by the Receiver of a bank against its numerous stockholders, attempt to determine whether the Secretary of Banking acted with proper expedition in making the assessment,- — -a problem complicated, as it is, by the many difficult factors referred to in the opinion in the Brady case.” The granting of a summary judgment was affirmed.
In the case of Freeman v. Brady (supra) which was the second time it arrived in the Supreme Court and was the appeal from the trial held pursuant to the holding in Bell v. Brady (supra) the court in reversing held that the Secretary of Banking as a receiver of a banking institution was charged under the statute with the responsible duty of determining when an assessment should be made against shareholders because of insufficient assets and that such action of the Secretary is reviewable only for fraud, illegality, bad faith or obvious error-, and that the trial court erred in dismissing the original suit against the shareholders on the ground that the demand was not made within a reasonable time by the Secretary. The court said, as follows (p. 251): “We could find no fault with the decision and should be obliged to affirm it, if, on further reflection and *436 after hearing additional argument on the subject, we had not come to the conclusion that a different result is required by a proper interpretation of Section 723 of Article VII, of the Act of May 15, 1933, P.L. 565, 596, 71 P S section 733-723 ”. This case referred to the original decision in 346 Pa. 666 and the court said as follows (pp. 252-253):
“ In Bell v. Brady * * * attention was called to the difference in the contractual nature of the liability for unpaid stock subscription, and the statutory origin of the liability to contribute a sum equal to the par value of shares held, and it was said that as the former was contractual and the latter statutory, the application of the statute of limitations should depend, in the former case, on demand within a reasonable time, and in the latter, on the date of assessment and demand. But, since that case was decided, we have had occasion to reconsider the general subject • in Freeman v. Rogal, 351 Pa. 266, 40 A. 2d 853, a suit to enforce the additional statutory liability, and have concluded that a proper construction of Section 723 requires revision of what was said when we remitted the record.
“We therefore conclude that the Secretary is charged with the responsible duty of determining when the assessment shall be made and the amount, and that his action is reviewable only for “ fraud, illegality, bad faith or obvious error ”.
The decree appealed from was reversed and summary judgment granted against the defendants. In the case at bar there has been no charge of fraud, illegality or bad faith, and certainly, there was no proof of any obvious error.
Therefore, this court concludes that the statutory liability under a State liquidation of a mutual insurance company is no different from the statutory liability under a State liquidating a banking corporation, and that these last two cited Pennsylvania cases are controlling on the facts in the case at bar. Accordingly, all of the defendant’s affirmative defenses are dismissed and the plaintiff’s motion for summary judgment is granted, with costs.