## ALDRICH v. SKINNER.

(Circuit Court, D. Washington, W. D. December 21, 1899.)

1. NATIONAL BANKS—ACTION TO ENFORCE ASSESSMENTS—LIMITATION.

No limit of time having been prescribed by the federal statutes within which an action must be brought to enforce an assessment against a stockholder in an insolvent national bank, such an action is governed, as to limitation, by the statute of the state where it is brought, by virtue of Rev. St. U. S. § 721.

2. SAME—NATURE OF STOCKHOLDERS' LIABILITY.

The liability of a stockholder in a national bank, who has made full payment for his stock, to pay assessments for the benefit of the bank's creditors, is not contractual, but is a conditional liability imposed by law as an incident to ownership of the stock.

3. SAME—LIMITATION OF ACTIONS AGAINST STOCKHOLDER—ACCRUAL OF CAUSE OF ACTION.

A cause of action to recover an assessment from a stockholder of an insolvent national bank does not accrue until the receiver is authorized by law to bring suit therefor, which is not until the assessment has been ordered by the comptroller, and the time fixed for its payment, before it shall become delinquent, has expired.

4. SAME—WASHINGTON STATUTE.

2 Ballinger's Ann. Codes & St. Wash. § 4800, subd. 3, prescribing the limitation of three years for actions "upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," is applicable only to actions upon contracts, or growing out of contracts, and does not include an action against a stockholder of an insolvent national bank to recover an assessment, which is governed by section 4805, fixing two years as the general limitation for all actions not otherwise provided for.

Action by the receiver of an insolvent national bank for the collection of a shareholder's assessment, pursuant to Rev. St. U. S. § 5151. Heard upon a demurrer to affirmative allegations in the answer pleading the state statute of limitations as a bar to the action. Demurrer sustained.

P. Tillinghast and E. E. Cushman, for plaintiff.
Campbell & Powell, for defendant.

HANFORD, District Judge. The complaint alleges that the Tacoma National Bank, being insolvent, suspended payment and closed its doors on the 4th day of December, 1894, and a receiver was appointed, who qualified and took possession of the assets on the 27th day of December, 1894, and on the 30th day of January, 1899, the comptroller of the currency of the United States, by virtue of the authority vested in him by law, made a second assessment and requisition upon the shareholders of said bank, in order to provide necessary funds to pay the debts of the bank, which assessment upon each and every share of stock of said bank the comptroller ordered to be paid on or before the 1st day of March, 1899, and directed the receiver to take the necessary proceedings, by suit or otherwise, to enforce the individual liability of each shareholder to the extent of said assessment; and the complaint further alleges that at the time of the suspension of said bank the defendant was the owner of and holder of eight shares, and that she has not paid the assessment ordered by the comptroller of the currency against said shares. This action was commenced to collect the assessment upon the defendant's shares on the 20th day of September, 1899. The defendant's answer contains an affirmative defense in the nature of a plea in bar, alleging that the action was not commenced within the time limited for the commencement of such an action by the laws of the state of Washington. The statute of limitations of this state provides as follows:

"Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, * * *. Within three years, * * * 3. An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument; * * * An action for relief not herein before provided for shall be commenced within two years after the cause of action shall have accrued." 2 Ballinger's Ann. Codes & St. Wash. §§ 4796, 4800, 4805.

The plaintiff sues, in his official capacity, to enforce a liability created by an act of congress; and I regard it as a serious question whether any state law can create a barrier or limitation upon the right of the receiver to collect assessments at the time and in the manner specified in the directions given to him by the comptroller of the currency. It is contended on the part of the defendant that in all cases wherein congress has authorized actions, without specifying any other limitation of time, it is to be presumed that it was intended that the state statutes of limitations should be applicable thereto, by force of section 721, Rev. St. U. S., and this contention appears to be sustained by the reasoning in the opinion by Mr. Justice Brown in the case of Campbell v. City of Haverhill, 155 U. S. 610–620, 15 Sup. Ct. 217, 39 L. Ed. 240. I shall therefore assume that the state law must govern. I also agree with the defendant's counsel, and the authorities cited in their brief, on the proposition that the liability of a shareholder, who has made full payment for his stock, to pay assessments for the benefit of the bank's creditors, is not contractual, but is a contingent liability incident to ownership of stock, and created by the law. Therefore the case does not come within the terms of the third subdivision of section 4800, 2 Ballinger's Ann. Codes & St. Wash., which is applicable only to actions upon contracts or liabilities growing out of contracts, express or implied; and it is my opinion that the time within which such an action as this may be commenced in this state is limited by section 4805 to the period of two years after the cause of action shall have accrued.

To determine whether this action is barred by the section of the Code last referred to, it is only necessary to fix definitely the date when the cause of action accrued. The defendant contends that the liability became certain, and the cause of action accrued, at the time of suspension of the bank, or, if not then, at the time when the receiver qualified and took charge of the assets and business of the bank. This position appears to me to be untenable. A cause of action cannot be said to have accrued until it exists as a complete right, which some person, as the owner of such right, or as the representative of others, may enforce immediately by going into court and filing the necessary papers, upon which process may issue, to bring the adverse party within the jurisdiction of the court. It is not true that the statutory liability of shareholders of national banking associations becomes absolute in all cases immediately upon the suspension of the bank. A bank may suspend payment because it has no money on hand to meet the demands of its creditors, nor ability to immediately convert other assets into money; and yet if, when an accounting is had, there is found to be an abundance of assets which may within a reasonable time be converted into money,

so that all of the bank's indebtedness may be paid without an assessment upon shareholders, it would be wrong and unlawful to assess them. If, however, after such an accounting, with such a result, and before payment of the bank's indebtedness, valuable securities should be lost, destroyed, or shrink in value, so that the debts could not be paid in full without assessing shareholders, such a change in the conditions would render an assessment necessary. Considering the nature of the liability, and the purpose of the statute in creating it, it is obvious that it is essential to the right of a receiver of an insolvent national bank to sue the shareholders for assessments that the necessity for an assessment should first be ascertained by an accounting and appraisement of the assets, and the question as to the necessity for an assessment determined by competent authority. The law vests the authority in the comptroller of the currency, and until he orders an assessment the receiver of an insolvent national bank cannot take the first step towards compelling shareholders to pay assessments. In the case of Kennedy v. Gibson, 8 Wall. 498–507, 19 L. Ed. 476, the supreme court of the United States decided that:

"The receiver is the instrument of the comptroller. He is appointed by the comptroller, and the power of appointment carries with it the power of removal. It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and, if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. * * * He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholder is sought to be enforced, and must precede the institution of suit by the receiver. The fact must be distinctly averred in all such cases, and, if put in issue, must be proved."

The act of the comptroller in ordering an assessment being indispensable as a precedent to the commencement of an action to enforce payment, the time limited for the commencement of such an action cannot commence to run until the assessment has been ordered. As this action was commenced in less than seven months after the assessment became delinquent, and therefore in less than seven months after the cause of action accrued, it is not barred by the statute of limitations. Demurrer sustained.