Thomas Cary, Respondent, v. Hazel M. Koerner, Individually and as Administratrix of the Estate of Charles D. Marshall, Deceased, Appellant, Impleaded with Others.

Limitation of actions — right of action, conferred by statute, must be deemed to have accrued at the date the statute took effect — Buffalo (city of) — provision of charter permitting action in equity to obtain sale of property, previously sold for taxes, to reimburse holder of certificate of tax sale.

Where the right to maintain an action is conferred upon an individual or class of persons by statute it is impossible that the cause of action shall be deemed to have accrued in favor of such individual or class at any period prior to the date when the statute took effect. The time when "the cause of action has accrued," as that term is used in those provisions of the Code of Civil Procedure limiting the periods within which actions must be commenced, means the time when the plaintiff first became enabled to maintain the particular action in question.

The amendment to the charter of the city of Buffalo by chapter 384 of the Laws of 1909, provides for a statutory suit in the nature of an action to foreclose a mortgage, which may be brought by the holder of a certificate of sale of lands sold for taxes to obtain a sale of such lands and the application of the proceeds to the payment of the amount paid on the purchase of such lands, together with interest and costs, and is a different remedy from that provided for by the charter where a purchaser seeks to "obtain actual possession of the premises by an action at law." One remedy is legal; the other is equitable. Under the equitable remedy to obtain a sale of the premises no cause of action accrued until the date of the enactment of the statute and hence neither the six nor ten years' limitation constitutes a bar to its maintenance.

*Cary v. Koerner*, 139 App. Div. 811, affirmed.

(Argued November 16, 1910; decided December 16, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 10, 1910, which reversed an interlocutory judgment of Special Term overruling a demurrer to the answer and sustained such demurrer.

The following question was certified: "Are the defenses consisting of new matter, contained in the answer of the defendant Hazel M. Koerner, individually and as administra-

trix, etc., and to which the plaintiff has demurred, insufficient in law upon the face thereof ? "

. The nature of the action and the facts, so far as material, are stated in the opinion.

*Adolph Rebadow* for appellant.    At the time of the commencement of the action all of the taxes mentioned in the complaint had ceased to be liens upon the lands upon which they were assessed.    (*Borst* v. *Corey*, 15 N. Y. 505 ; *Reavey* v. *Clark*, 9 N. Y. Supp. 216 ; *Ray* v. *Ray*, 24 Misc. Rep. 155.)    The tax sale certificate simply transfers or assigns to the purchaser the lien of the municipality, which is the only right or interest possessed by the municipality.    (*People ex rel. Oakley* v. *Bleckwenn*, 126 N. Y. 310 ; *Williams* v. *Townsend*, 31 N. Y. 411 ; *Clementi* v. *Jackson*, 92 N. Y. 591.)

*William H. Cuddeback* for respondent.    The cause of action arising from a certificate of sale follows the general rule relating to real property, and is within the twenty years' Statute of Limitations.    (L. 1901, ch. 105, § 106 ; Black on Tax Titles [2d ed.], § 164.)

WILLARD BARTLETT, J.    The plaintiff is the assignee of a certificate of the tax sale of certain lands in the city of Buffalo, which certificate was made and delivered to one Walter Cary on May 26, 1898, by the comptroller of the city and certified that the sale had been made for taxes and assessments upon said lands contained in the general tax rolls of the city for the year 1897, returned by the treasurer to the comptroller as being unpaid.    None of the lands were redeemed and the plaintiff elected to recover the amount paid therefor, to wit, $139.36, together with interest thereon from May 26, 1898, at the rate of 12 per cent per annum.    The plaintiff thereupon commenced this action on June 21, 1909, against the appellant Hazel M. Koener, individually and as administratrix, and against other defendants alleged to claim or have some interest in the premises, praying judgment that the defendants and each of them and all persons claiming under

them be barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in the said lands and that the same be sold under the direction of the court and the plaintiff recover the amount paid on the purchase thereof as mentioned in the certificate of sale with all interest, additions and expenses allowed by law.

The complaint contained eight causes of action. The dates of sale were respectively as follows: May 26, 1898 ; May 28, 1897; May 28, 1896 ; May 28, 1895 ; May 29, 1894 ; May 26, 1893 ; May 27, 1892; April 29, 1891.

The defendant Hazel M. Koener, individually and as administratrix of Charles D. Marshall, deceased, interposed an answer setting up an affirmative defense to the first cause of action to the effect that all taxes and assessments in the city of Buffalo are a lien upon the land upon which they are assessed for only ten years from the delivery of the tax or assessment roll to the treasurer of the city and the first publication of notice of receipt of the same ; that the tax or assessment roll which contained the general city tax of 1897 was delivered to the city treasurer and the first publication of notice of receipt of the same was made more than ten years before the commencement of this action, and hence said taxes had ceased to be liens at the time when the action was commenced ; and that the cause of action stated in the complaint did not accrue within ten years or even within six years before the commencement of the action and was, therefore, barred by the Statute of Limitations. A like defense was set up as to each of the other seven causes of action.

The plaintiff demurred to each of these defenses, contending that a cause of action arising upon a Buffalo tax sale certificate falls within the twenty years' Statute of Limitations relative to actions to recover real property. The demurrer was overruled at Special Term and an interlocutory judgment rendered accordingly ; but this interlocutory judgment has been reversed by the Appellate Division which sustained the demurrer, thus pronouncing the defense insufficient. We are now called upon to pass on its sufficiency.

The respondent's contention that the purchaser at a tax sale of lands in Buffalo has twenty years from the time when his cause of action accrues within which to enforce his rights is based upon section 112 of the city charter (Laws of 1891, chap. 105). That section provides for the payment of the bids upon a tax sale within 48 hours and prescribes the contents of the certificate to be executed by the comptroller to each purchaser. " Such purchaser or his legal representatives or assigns, may, upon receiving such certificate, by virtue thereof and of this act, lawfully hold and enjoy for his and their own proper use and benefit and the use and benefit of his and their heirs and assigns forever, the real estate described in said certificate, unless the same shall be redeemed as hereinafter provided." The section then goes on to provide that at any time after the time limited in section 114 for the redemption of the premises shall have expired, and the notice therein provided for has been given and the premises have not been redeemed, and not before, the purchaser and his heirs and assigns may " obtain actual possession of the premises by an action at law " or by proceedings as in the case of a tenant holding over after the expiration of his term without the permission of his landlord.

According to the respondent the right to which this section of the charter gives the purchaser to obtain actual possession of the premises by an action at law must mean the right to obtain possession through the agency of an ejectment suit. He makes the twenty years' Statute of Limitations begin to run at the earliest date when the owner's right of redemption may be cut off. The subject of redemption is dealt with in section 114 of the city charter, which provides that the owner of any real estate sold for taxes as aforesaid may redeem the same at any time within eighteen months (made nine months by chapter 280 of the Laws of 1898) after the date of the sale. Notice shall be given by the purchaser to the occupant at any time after the expiration of that period, but the last day of redemption, to be specified in the notice, must be not less than three months from the day of its service, " nor prior

to two years from the date of such sale." Thus the earliest day on which the right of redemption can be cut off is two years from the sale, and the respondent concedes and asserts that the purchaser's cause of action in ejectment then accrues whether a notice to redeem is served or not. He also concedes that a notice to redeem is a condition precedent to the maintenance of the action of ejectment.

Where a purchaser or his assignee is suing to " obtain actual possession of the premises by an action at law " under section 112 of the charter of the city of Buffalo, I see no escape from the conclusion that he is in time if he brings his suit within 20 years from the time when the cause of action accrues. But the present suit is not such an action. It is a statutory suit, authorized by chapter 384 of the Laws of 1909, in the nature of an action to foreclose a mortgage, in which the plaintiff seeks a sale of the land described in the tax sale certificates which he holds and the application of the proceeds to the payment of the amount paid on the purchase of such land, together with interest and costs. The statute under which it is brought, as expressly appears from its title, was designed to amend the charter of the city of Buffalo "by providing an additional remedy for purchasers of land within the city at city and county tax sales." The act provides that the holder, including the city, of any certificate of sale heretofore or hereafter executed by the comptroller, instead of taking a conveyance of the property purchased, may recover the amount paid therefor, as in such certificate mentioned, with all interest, additions and expenses allowed by law, and for that purpose may maintain an action in the Supreme Court, or in the County Court of Erie county, to sell such real property.

The action may be commenced at any time after five years from the date of the sale mentioned in the certificate, and is made subject to all .the provisions of law and rules of practice relating to mortgage foreclosure suits so far as practicable. The plaintiff must make parties to the action the city of Buffalo, the county of Erie, the owner of the real property affected and all other persons interested therein, or any part

17

thereof, including the holders of all other prior and subsequent certificates of sale as shown by the records of the comptroller and county treasurer. "The court shall have full power to determine and enforce in all respects the rights, claims and demands of the several parties to said action, including the rights, claims and demands of the defendants as between themselves, to direct a sale of such real property and the distribution or other disposition of the proceeds of sale." (Laws 1909, ch. 384, § 115e.)

It is obvious that the remedy thus provided for is very different from the "action at law" which a certificate holder is authorized to institute by section 112 of the charter. An action at law under section 112 contemplates the acquisition of the land itself. It is to "obtain actual possession of the premises" that he may bring the action. An equity suit under the act of 1909 contemplates a disposition of the land to others. The certificate holder brings his action under the act of 1909 "to sell such real property," and get the purchase price back out of the proceeds. The first remedy is legal, corresponding to an action of ejectment; the second remedy is equitable, being virtually a suit to satisfy charges on land by selling the premises.

The charges for which the land may be sold, however, under the act of 1909, include something more than the city's lien for taxes. In the suit which that act authorizes the plaintiff may recover not merely the amount of the tax but the amount which the property sold for at the tax sale, which may be in excess of the tax. It is not a correct view, therefore, as argued in behalf of the appellant, that a tax sale certificate in Buffalo simply transfers or assigns to the purchaser the lien of the municipality. Since the enactment of chapter 384 of the Laws of 1909, such a certificate confers upon the holder the right, after the lapse of five years from the sale, to recover the amount paid for the property purchased and to have the land sold under the direction of the court in order to procure the means of payment. The fact that the city's lien for taxes and assessments continues only ten years from the

delivery of the tax or assessment roll to the treasurer and the first publication of notice of the receipt of the same (Laws of 1891, ch. 105, § 106) does not affect the duration of the statutory right to sue in equity conferred upon a certificate holder by the act of 1909.

It is that right which the plaintiff is endeavoring to enforce in the present action; and the question is whether the new matter set up in the answer constitutes a defense to his claim. As has been stated it is substantially a plea of (1) the six years and (2) the ten years' Statute of Limitations. Is either of these limitations a bar to the maintenance of an action brought under chapter 384 of the Laws of 1909?

Where the right to maintain an action is conferred upon an individual or class of persons by statute it is impossible that the cause of action shall be deemed to have accrued in favor of such individual or class at any period prior to the date when the statute took effect. The time when "the cause of action has accrued," as that term is used in those provisions of the Code of Civil Procedure limiting the periods within which actions must be commenced, means the time when the plaintiff first became enabled to maintain the particular action in question. Chapter 384 of the Laws of 1909, under which the present action is brought, took effect on May 18, 1909. (See Session Laws of 1909, vol. 1, pp. 813, 815.) That was the earliest date, therefore, under which a cause of action thereunder could accrue in behalf of the holder of a certificate of a Buffalo tax sale. It was only a month and three days before the commencement of this suit. Obviously, therefore, neither six years nor ten years could possibly have elapsed since the plaintiff's cause of action accrued and it is immaterial to inquire which limitation is applicable to such an action, inasmuch as it cannot affect our determination of the present appeal. The theory on which the six years' limitation is supported is that the action is one to recover upon a liability created by statute. (Code Civ. Proc. § 382, subd. 2.) If this does not apply then it is contended that the case must fall within the general limitation of ten years applicable to all

actions the limitation of which is not specifically prescribed in the Code. (Code Civ. Proc § 388.) However this may be, as no cause of action could accrue under chapter 384 of the Laws of 1909 until the 18th day of May in that year, when it was enacted, neither provision constitutes a bar to the maintenance of this suit.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

CULLEN, Ch. J., HAIGHT, VANN, WERNER and CHASE, JJ., concur; GRAY, J., not voting.

Order affirmed.