Hiram E. Meeker, as Receiver of First National Bank in Mamaroneck, Plaintiff, v. Oramam Realty Corporation, Defendant.

Supreme Court, Special Term, Westchester County, June 14, 1937.

*Lynch & Cahn* [*M. J. Cahn* and *H. M. Miller* of counsel], for the plaintiff.

*Bernard L. Baskin* [*Robert F. Dart* of counsel], for the defendant.

Syme, J.   The action is brought by the receiver of the First National Bank in Mamaroneck to recover an assessment of $17,500, based upon the ownership by the defendant of 175 shares of stock of the par value of $100 each.   The complaint alleges in substance the determination of insolvency of the bank by the Comptroller of the Currency in January, 1933, the appointment and qualification of the plaintiff as receiver, the ownership of the stock by defendant with the registration thereof on the bank's books, the levy of the assessment by the Comptroller on April 21, 1933, with the direction of payment on or before May 29, 1933, and the failure of the defendant to pay the sum of $17,500 assessed against it. The answer denies knowledge or information in the defendant sufficient to form a belief as to these allegations, and pleads as a separate defense the three-year Statute of Limitations.

The affidavit of the plaintiff and the documentary proof submitted in connection therewith effectively establish the allegations of the complaint; in fact, the defendant apparently no longer stands upon the formal denials in its answer, since no attempt is made to contradict the facts alleged in the complaint.   Accordingly, the sole question remaining is the legal insufficiency of the affirmative defense.   In this connection, it should be noted that the summons herein was concededly served upon an officer of the

defendant on May 28, 1936, more than three years after the assessment was levied, but less than three years after the last day for payment, to wit, May 29, 1933.

The same question was before Mr. Justice ALDRICH in *Meeker* v. *Saskill* (unreported), decided February 24, 1937, wherein it was held that service of the summons on May 27, 1936, was timely. Subdivision 4 of section 49 of the Civil Practice Act, which controls a case of this nature, provides that an action to enforce a liability created by the common law or by statute must be commenced *within three years after the cause of action has accrued.* While the statute also provides that the cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created, clearly this was intended to operate as a saving clause only, and not as a catch-all definition of the word " accrued."

In view of the fact that the assessment was not required to be paid until May 29, 1933, I am of the opinion that the plaintiff's cause of action did not accrue until the next day. This view accords with the language expressed in several of the decisions in the Federal courts (*Aldrich* v. *Skinner*, 98 Fed. 375; *Deweese* v. *Smith*, 106 id. 438; *Thompson* v. *German Ins. Co.*, 76 id. 892; *Rankin* v. *Miller*, 207 id. 602; *McDonald* v. *Thompson*, 101 id. 183) as well as *Meeker* v. *Saskill* (*supra*) and *Broderick* v. *Aaron* (151 Misc. 516, 522).

In those Federal cases, cited by the defendant, where dicta are found indicating that the causes of action accrue when the assessment is levied, the precise point involved herein was not in issue, and I do not believe that any of these decisions resulted in a dismissal of the receiver's claim where the action was commenced within the proper time reckoned from the date upon which payment was to be made. In *Johnson* v. *Greene* (88 F. [2d] 683), relied upon by defendant, the court had under consideration the California statute which required that the time be reckoned from the *creation of the liability.* I think that the difference in phraseology is significant, assuming the correctness of the holding in that case.

Accordingly, the motion to strike out the answer and for judgment is granted, with ten dollars costs.

Submit order on two days' notice.