HIRAM E. MEEKER, as Receiver of FIRST NATIONAL BANK IN MAMARONECK, Respondent, v. ORAMAM REALTY CORPORATION, Appellant.— On appeal by defendant from an order striking out its answer and directing judgment against it, and from the judgment entered thereon, in an action by the receiver of a national bank to enforce a stockholder's individual liability, order and judgment unanimously affirmed, with ten dollars costs and disbursements. The Comptroller of the Currency had discretionary power to grant such time as he deemed proper for the payment of the assessment. (*Kennedy* v. *Gibson*, 75 U. S. [8 Wall.] 498, 505; *Strasburger* v. *Schram*, 93 F. [2d] 246; *United States Nat. Bank of La Grande* v. *Pole*, 2 F. Supp. 153, 157.) The cause of action did not accrue until default was made on the last day fixed for payment. (*Cary* v. *Koerner*, 200 N. Y. 253, 259.) Under the relevant Statute of Limitations (Civ. Prac. Act, § 49, subd. 4) the action was commenced within time. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ. [163 Misc. 702.]

JOSEPH MELTZER, Respondent, v. NATIONAL UNION BANK OF MONTICELLO, N. Y., as Administrator c. t. a., etc., of ISAAC MELTZER, Deceased, Appellant.— In an action, tried by the court without a jury, to recover on a promissory note alleged to have been made by the decedent a short time before his death, the plaintiff obtained a judgment. Judgment and order reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event, upon the ground that the verdict is against the weight of the evidence. Whether the signature affixed to the note is that of the decedent is seriously disputed. Furthermore, the decedent's financial circumstances at the time were such as to make it highly improbable that, if he were indebted to the drawee, he would have given the note rather than make payment out of his funds on deposit in the bank. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

TEOFIL MURO, Appellant, v. ROYAL NEIGHBORS OF AMERICA, Respondent.— Action to recover from defendant, a foreign fraternal benefit corporation, the sum of $1,000 upon a so-called reserve benefit plan certificate issued by defendant upon the life of plaintiff's wife. Plaintiff appeals from an order denying his motion to strike out the last separate defense in defendant's answer on the ground that it is insufficient in law on the face thereof. Order of the City Court of Yonkers affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.