## HAIGHT v. FIRST TRUST & DEPOSIT CO.

District Court, N. D. New York.

March 31, 1939.

Keith F. Driscoll, of Syracuse, N. Y., for George M. Haight, as Receiver of Salt Springs Nat. Bank.

Hiscock, Cowie, Bruce & Lee, of Syracuse, N. Y. (H. Duane Bruce, of Syracuse, N. Y., of counsel), for First Trust & Deposit Co.

BRYANT, District Judge.

This is an action to enforce a stockholder's individual liability. The action was tried without a jury. At the close of Plaintiff's case, and also at the close of the whole case, defendant moved to dismiss upon three grounds, the principal one being that the action is barred by the Statute of Limitations. Decisions were reserved.

The bank did not open after closing on March 6, 1933, pursuant to the Presidential Proclamation. On March 29, 1933, a Conservator was appointed. On January 22, 1934, a Receiver, the predecessor of the present one, was appointed. On May 1, 1934, the Comptroller of the Currency ordered an assessment of 100% on the stock of the Bank. Copy of the assessment with demand for payment, on or before June 8, 1934, was, by registered mail, served upon defendant on or about May 8, 1934. Payment has never been made. Suit was begun May 21, 1937.

There is no question but that the three year Statute of Limitations, as set forth in Sec. 49 of the New York Civil Practice Act, governs. The dispute is as to when the statute began to run, i.e., when the cause of action accrued.

Defendant introduced evidence that examinations made in August, 1933, and March, 1934, showed liabilities in excess of par value of stock. It contends the cause of action accrued, if not at time of closing, at least not later than when the Comptroller had knowledge of insolvency, basing its contention largely upon the negative provision contained in Subdiv. 4 of Sec. 49 of above named Statute, which reads, "The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created."

This provision, as by analogy interpreted by Dumbadze v. Lignante, 244 N.Y. 1, 154

N.E. 645, does not apply. Regardless of when or how knowledge was obtained, the Comptroller of the Currency had the power to use his judgment and discretion regarding the fixing of time for making assessment and the setting of time for the payment thereof. His determination is final. Kennedy v. Gibson, 75 U.S. 498, 8 Wall. 498, 19 L.Ed. 476; Meeker as Receiver, etc., v. Oramam Realty Corp., 254 A.D. 563, 2 N.Y.S.2d 574. He fixed June 8, 1934, as the date of payment. Until default on that date, plaintiff had no right of action. It is well stated that the Statute of Limitations does not begin to run prior to the due date. Hall v. Ballard, 4 Cir., 90 F.2d 939; Thompson v. German Ins. Co., C.C., 76 F. 892; Meeker as Receiver, etc., v. Oramam Realty Corp., supra; Strasburger v. Schram, 68 App.D.C. 87, 93 F.2d 246; Cary v. Koerner, 200 N.Y. 253, 93 N.E. 979. I hold that the action was commenced within the statutory period. Johnson v. Greene, 9 Cir., 88 F.2d 683, is not an authority because it deals with a statute differing from the New York Statute.

The other motions, upon which decisions were reserved, are denied.

Plaintiff, under the proof, is entitled to judgment. Orders of denial and Findings may be presented on notice.