### ABEL et al. v. MUNRO et al.
### No. 205.

Circuit Court of Appeals, Second Circuit.
March 18, 1940.

648

Abraham Fishbein, of New York City, for plaintiffs-appellants.

Edwin V. Hellawell, of New York City, for defendants-appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The Comptroller of the Currency levied an assessment upon the plaintiffs as stockholders of the National Bank of Ridgewood. The plaintiffs brought this suit against the Comptroller and the receiver of the bank to have the assessment declared invalid and its collection enjoined, whereupon the defendants moved to dismiss the amended complaint on the ground that it failed to state a cause of action. The question before us is whether enough appears on the face of the pleading to withstand a demurrer.

The Supreme Court has assumed that fraud will render an assessment against a stockholder of a national bank invalid. Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999. In our opinion the amended complaint contains charges of fraud sufficient to prevent its dismissal at the present stage of the litigation. We hold that the allegations, though confused, state a cause of action and that the order dismissing the amended complaint must accordingly be reversed.

The claim that the assessment was fraudulent is based upon the allegations of the amended complaint (a) that on August 20, 1931, at a time when the National Bank of Ridgewood was solvent and its capital was unimpaired, but Richmond National Bank was insolvent, or its insolvency imminent, Richmond took over all the assets of Ridgewood, promised to pay the latter's deposits and other liabilities to the amount of $1,172,757.36 and Ridgewood gave its note payable to Richmond for that amount, which was to have no effect until Richmond had paid the deposits and other liabilities of Ridgewood; (b) that Richmond waived all liability of Ridgewood's stockholders, that Ridgewood's depositors and creditors also waived all recourse against its stockholders, that after the transfer of assets Richmond mingled the assets of Ridgewood with its own and did not pay the liabilities of Ridgewood and the latter had no liabilities other than the claim of Richmond; (c) that the Comptroller, knowing the above facts, fraudulently levied an assessment against the stockholders of Ridgewood, though the latter had no creditors and even the claim of Richmond against the stockholders of Ridgewood had been extinguished because of the agreements and waivers above mentioned.

██ ██ The foregoing if construed in a light most favorable to the pleader, as must be done, would seem to involve a novation, whereby the depositors and other creditors of Ridgewood ceased to be its creditors and became the creditors of Richmond. If Ridgewood had no creditors, or if Richmond could only become a creditor if it had paid all the obligations of Ridgewood and had agreed not to look to the latter's stockholders, it would be a fraud on the rights of such stockholders if the Comptroller, knowing these facts, revived Ridgewood for the purpose of assessing them. We think that the amended complaint contains allegations under which such a fraud appears to be claimed as a basis for avoiding the assessment by the Comptroller. However unlikely or even fantastic such allegations against the Comptroller may appear to be, we cannot say from a mere inspection of the pleadings that the plaintiffs are not entitled to try to establish the allegations they have made and should be deprived of their day in court.

Order reversed.