## HAIGHT v. FRANKLIN.
### No. 141.

Circuit Court of Appeals, Second Circuit.

Jan. 27, 1942.

Benjamin E. Shove, of Syracuse, N. Y. (Hancock, Dorr, Ryan & Shove, of Syracuse, N. Y., on the brief), for appellant.

Eli Gingold, of Syracuse, N. Y. (Keith F. Driscoll and Laurence Sovik, both of Syracuse, N. Y., on the brief), for appellee.

Before L. HAND, CHASE, and C. E. CLARK, Circuit Judges.

C. E. CLARK, Circuit Judge.

■ Defendant's sole attack on the judgment below is that the court refused to sustain his plea of the statute of limitations against an assessment upon shares of stock formerly owned by him in the defunct Salt Springs National Bank of Syracuse, New York. Defendant had owned 320 shares, which he transferred to various people between February 15th and 21st, 1933. The bank closed on March 6, 1933, never to reopen; a conservator was appointed on March 29, 1933, and a receiver on January 22, 1934. The Comptroller of the Currency, by notice of May 1, 1934, levied a 100 per cent assessment on the stock, payable on June 8, 1934. Under the recent decision of Rawlings v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605—with which our decision in Haight v. First Trust & Deposit Co., 2 Cir., 112 F.2d 572, affirming D.C.N.D.N.Y., 33 F. Supp. 72, was in accord—this latter date marked the time of accrual of the action against a stockholder for application of the governing state statute of limitations. Since that statute, N.Y. Civil Practice Act, § 49, subd. 4, allowed three years from the date of accrual (with additional time when the facts under which the liability was created were later discovered), and since this suit was brought on May 11, 1937, we agree with the court below that under the cited case the action was brought in time, as well against the transferor of a shareholder, under 12 U.S. C.A. § 64, as against a shareholder himself.

■ Defendant asserts, however, that the rule must be different as to such a transferor, and that his liability must accrue not later than sixty days after the final transfer of his stock, or here not later than April 22, 1933. The statutory words properly interpreted must govern. This statute, 12 U. S.C.A. § 64, now substantially done away with, except for earlier claims, by more recent legislation abandoning bank-stock assessability, 12 U.S.C.A. § 64a, was passed as a part of the Federal Reserve Act of 1913. After stating generally the liability of stockholders of every national banking association for all debts up to the par value of their stock, in addition to the amount already invested therein, it continues: "The stockholders in any national banking association who shall have transferred their shares or registered the transfer thereof within sixty days next before the date of

the failure of such association to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability." The statute ends with a proviso preserving any recourse which such shareholders might otherwise have against those in whose names the shares are registered at the time of failure.

Defendant's argument that, even though a stockholder's obligation does not accrue until the stated time of payment of the assessment, nevertheless a transferor's obligation accrues at once, or at least within sixty days after transfer, seems to us highly recondite. The plain words of the statute, as well as the practical necessities of the case, require a like rule to that applicable to a stockholder. A transferor, under the conditions named, is liable "to the same extent" as if he had made no such transfer, subject only to amounts already paid by the subsequent transferee and as the latter "fails to meet such liability." The statutory intent is quite clear. The stockholder at the time of failure is made liable for the entire assessment; the transferor, for any balance which the stockholder does not pay. Such balance cannot be known until the time of payment has arrived; it will be known then as exhaustion of remedies against the stockholder is unnecessary. Collins v. Caldwell, 5 Cir., 29 F.2d 329; Karraker v. Ernest, D.C.E.D.Ill., 4 F.2d 404. Defendant's construction leads to the absurd result that suit might need to be instituted against the transferor before—possibly long before—it could be known whether he had anything at all to pay.

Cases cited by defendant, such as Carrol v. Green, 92 U.S. 509, 23 L.Ed. 738, are not in point; as explained in McClaine v. Rankin, 197 U.S. 154, 162, 25 S.Ct. 410, 49 L.Ed. 702, 706, 3 Ann.Cas. 500, they depend on state statutes giving an immediate direct right of suit on the failure of the bank, without assessment or other steps to perfect it. That this statute did not qualify "to the same extent" by the additional words "in like manner" of the earlier statute, 12 U.S.C.A. § 66, making the estates and funds of fiduciaries liable as would have been their principals, "if living and competent to act," is natural, since the transferor was not liable just as the transferee, but only for the amounts which the latter failed to pay. There is no statutory requirement of special notice to the transferee. See Brown v. El-

lis, D.C.Vt., 103 F. 834, 836; Rankin v. Miller, D.C.Del., 207 F. 602, 611. Since here, payment had been made by the transferees of only 20 of the shares, the court correctly gave judgment against the defendant on the other 300 shares.

Affirmed.