LOUGHMAN v. BRAUN et al.

SAME v. MULLER et al.

No. 1236, 1258, 1240, 1244, 1270, 1235, 1252, 1242, 1237, 1261, 1246, 1266, 1267, 1263, 1238, 1262, 1426, 1415, 1427; 1256.

District Court E. D. New York.

Feb. 9, 1942.

316

C. O. Donahue, of New York City (Allen R. Henderson, of New York City, of counsel), for plaintiff.

Harry J. McDermott, of Brooklyn, N. Y., for defendants Louis Braun et al.

Abraham Fishbein, of New York City, for defendants Edward A. Muller and Henry W. Muller.

BYERS, District Judge.

In these actions motions have been made by the plaintiff for summary judgment, and the question for decision is common to each, so that disposition in one opinion is expedient.

The first motion is directed to nineteen other similar causes, as appears from the numbers above listed.

The actions are by the Receiver of the National Bank of Ridgewood in New York against stockholders, to recover assessments levied by the Comptroller of the Currency on July 29, 1937, pursuant to provisions of the applicable statutes.

The facts sufficiently appear in the opinion of the Circuit Court of Appeals in the case of Abel et al. v. Munro et al., 2 Cir., 110 F.2d 647, to obviate the necessity for restatement. In that cause a group of such stockholders sought unsuccessfully to enjoin the collection of the said assessments.

The inquiry is whether the judgment rendered therein on May 31, 1941, by Judge Moscowitz in this court [Abel v. Loughman, 1 F.R.D. 734] so determines the issues presented by these pleadings as to require the granting of this motion, within the contemplation of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The first motion was presented to Judge Campbell on December 17, 1941 (the papers were submitted on the 29th of that month). Upon examination thereof, he concluded that, because a certain informal expression was improperly attributed to him at the time when he sent the cause to Judge Moscowitz for trial, he preferred to refer decision to another judge, and the motion appeared on my calendar on January 28, 1942. The reason for that reference was that the motion in the second cause had been argued before me on January 7, 1942.

As to the first motion, the papers consist of respective affidavits of the plaintiff and the defendants' attorney, a replying affidavit of the plaintiff's attorney, affidavit of Abraham Fishbein, attorney for the plaintiffs in the said action of Abel v. Munro, supra, and replying affidavit thereto of the attorney for the plaintiff.

The moving affidavit is based largely upon the opinion, findings and decree of Judge Moscowitz to which reference has been made, and copies thereof were filed with the motion papers, and were served

on December 29, 1941, so that they constitute a part of this record and should be incorporated in papers on appeal from this decision.

The pleadings consist of the complaint and the answer, to which is attached, as Exhibit B, the amended complaint in the said case of Abel v. Munro, thus incorporated by reference.

The answer itself denies certain allegations in the complaint, of a formal nature, and pleads eight separate and distinct defenses, of which five are common to all defendants, and will be discussed on that basis.

In spite of the five special defenses now under consideration, as opposed to the three alleged causes of action averred in the complaint in the stockholders' suit for an injunction, the substantial issues are the same, namely: whether there was a liquidation of the Ridgewood Bank undertaken by the Richmond Bank and, if so, whether it was carried to a conclusion; whether anything that the Comptroller did in levying the assessment against the stockholders of the Ridgewood Bank was fraudulent or illegal; whether there was a release of the Ridgewood Bank's stockholders' liability on the part of the Richmond Bank; and whether the Statute of Limitations is a defense to the stockholders' liability, on the theory that the action was not begun within three years from its accrual.

It is true that the said amended complaint in the injunction suit did not assert as a separate alleged cause of action that the attempt to collect the stockholders' assessment was unconstitutional as tending to deprive them of their property without due process of law, but so much is alleged in paragraph 39 of the amended complaint.

At best, it is merely an assertion of the same thing as appears in the first separate defense, with additional descriptive matter, and it would have to stand or fall with the issues raised in that defense.

The alleged counterclaim contained in the fifth defense is insufficient as such, and does not require separate consideration; the remaining three defenses have to do with individual defendants, and will be disposed of separately.

It results that the only question is whether the plaintiff is now entitled to summary judgment, because there are no substantial issues requiring trial.

The findings and decree to which reference has been made effectually determine for this court that, on August 29, 1931, the Richmond Bank was solvent and the condition of the Ridgewood Bank was one of bare insolvency, and that the note given by the Ridgewood Bank to the Richmond Bank was not agreed to be without effect until the latter had paid all the deposit and other liabilities of the former, and that there was no waiver or release on the part of the Richmond Bank of the statutory liabilities of the stockholders of the Ridgewood Bank.

That there was no commingling of assets of the two institutions by the Richmond Bank, but those of the Ridgewood Bank were segregated and held separately by the Richmond Bank acting as liquidator; and that the latter paid out to the depositors of the former, up to the close of business on March 3, 1933, all that such depositors demanded. That a novation was effected, under which the depositors and creditors of the Ridgewood Bank extinguished their claims against it and looked to and depended solely on the Richmond Bank for those items of indebtedness, and that the latter in turn relied on and looked to the collateral to the note (given by the Ridgewood Bank to the Richmond Bank) and to the stock assessment liability of the stockholders of the Ridgewood Bank to pay the debt evidenced by the said note.

That the liquidation contemplated by the agreement of August 29, 1931, proceeded in due course, and that on October 9, 1936, an action was brought by the Receiver of the Richmond Bank against the Ridgewood Bank to recover the balance then due on the said note, and that such proceedings were had in the said action that on October 15, 1936, judgment was recovered therein in the amount of $336,250.17.

It may be observed in passing that this aspect of the transactions between the two banks is carefully omitted from the defendants' papers in opposition to this motion. It is apparent that such lawsuit offered a convenient opportunity to litigate appropriate issues, if any there were, in favor of the Ridgewood Bank as against its liquidator.

It further appears that on June 10, 1937, there was an examination of the Ridgewood Bank—presumably on the part of the Comptroller—which disclosed that $316,726.97 was due and owing on the said note, which had been reduced to judgment, and

on the 12th of July, 1937, a Receiver of the Ridgewood Bank was appointed, and that on the 29th of July, 1937, the stockholders' assessment herein sought to be recovered was levied, and that on February 7, 1938, actions were commenced in the Supreme Court, Queens County, against some of these stockholders to recover that assessment.

The conclusions of law are that the assessment was in all respects valid and should not be enjoined, and that the Comptroller and his representatives acted in all respects without fraud or other wrongdoing, and that the judgment above referred to was not subject to impeachment or collateral attack. That no release of the stockholders of the Ridgewood Bank from their statutory liability to assessment was intended or accomplished, and that actions for the collection of the stockholders' assessment had been brought within the period limited by statute, namely, three years from the time when the cause arose.

No appeal was taken from that judgment, and the Fishbein affidavit above referred to indicates no reason why the sufficiency of those proceedings should be questioned in any respect. True, the affiant asserts that a bank examiner testified concerning the condition of the Richmond Bank in a way that the attorney did not anticipate, because the witness did not refer to what is characterized as "vitally important items of slow, doubtful and other bad paper" of the Richmond Bank which would have affected the question of its then solvency. He complains that Judge Moscowitz was not on the bench during the taking of some of that testimony, which was probably documentary and not contested.

■ If there were indeed evidence to the contrary of what was so deposed, or if the examiner's testimony should have been supplemented, it was plainly the duty of counsel to move to re-open the case, or to otherwise direct the attention of the presiding judge to the alleged deficiencies which he now urges to induce me to disregard the decree which was rendered. It must be obvious that only a mere specious afterthought is thus exposed, or appropriate and timely corrective action would have been undertaken.

■ Not only was nothing done in that behalf, but no appeal was taken from the judgment, and consequently that adjudication must be deemed to have established the law for this court concerning the matters litigated between the Receiver of the Ridgewood Bank and its stockholders.

Much valuable space in the briefs is devoted to the arguments pro and con as to whether that judgment is res judicata and, interesting as the discussion is, it seems to be unnecessary. There is no requirement in Rule 56 that only such a demonstration would entitle the moving party to an order.

■ As presently understood, the requirement is that it must appear that, under all the established facts, the party in whose behalf the motion is made is entitled to prevail, because there is no issue which would justify the taking of testimony. If that understanding is correct, it governs the disposition of this motion, for it matters not what label be affixed to the adjudication to which reference has been made, since it is clear that this court, sitting in the non-jury part, has determined after a trial of issues not to be distinguished from those tendered in these pleadings, that the stockholders' assessment was in all respects properly levied, that it had a just and legal inception, and that no impediment to its enforcement can be conjured out of the circumstances which have been judicially established.

It must be evident that all of the stockholders of the Ridgewood Bank had a common interest in defeating the assessment. That was the proclaimed purpose of the amended complaint, which contained a preamble and a separate paragraph (35) appropriate to a class action, and it must also be evident that some of the stockholders could not have desired to uphold the assessment in opposition to others having a contrary purpose. That case survives all the tests of a true class suit as discussed in the opinion in Hansberry v. Lee, 311 U. S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741, and indeed three of the present defendants were plaintiffs in the cause under discussion.

The levy of a 100% assessment on the stock of Ridgewood Bank by the Comptroller of the Currency on July 29, 1937, which was payable on or before September 7, 1937, is not in issue, if paragraph 4 of the answer is understood.

■ The duty to pay accrued on the latter date. See Haight, as Receiver of Salt Springs National Bank of Syracuse, v. Franklin, 2 Cir., 125 F.2d 461, decided Jan-

uary 27, 1942, and authorities therein cited. It is not disputed that these several actions were begun within the period of three years thereafter.

Turning now to the sixth, seventh and eighth separate defenses peculiar to certain of the actions comprehended in the first motion:

### L-1261—Edward G. Riekert, defendant

 The sixth separate defense alleges that he was only the nominal record owner of six shares of stock, and that the beneficial owners were his wife and his mother. This is legally insufficient and will be stricken on authority of Munro v. Huber, 2 Cir., 109 F.2d 97.

### L-1426—Louisa Faulkner, defendant

The seventh separate defense alleges that, if any stock ever was in her name, she had in good faith sold and transferred it. The suit against her is embraced in the notice of motion, but the brief for the plaintiff asserts that summary judgment against her is not sought, and the inclusion of that action within this notice will be deemed inadvertent and as to her it is understood that the motion is withdrawn.

### L-1427—Josie M. F. Hirsch, individually and as Executrix of the Estate (sic) of Philip F. Hirsch, Deceased, and May R. Hirsch, defendants

The eighth separate defense alleges that the action is not against stockholders, and was not timely brought and is barred by limitation.

The papers disclose that action was brought by the service of process on August 6, 1940, which was within the three-year period following the accrual of the assessment. That was timely so far as the Receiver was concerned, and seems to be sufficient to fix liability upon the executrix and legatees, within Section 170 of the Decedent Estate Law, Consol.Laws, c. 13; see Brayton v. Dager, 249 App.Div. 94, 291 N.Y.S. 67.

The affidavit opposing this motion is understood to tender no issue respecting limitation, other than that which was litigated in the stockholders' suit respecting alleged knowledge of insolvency on the part of the Comptroller of the Currency in 1931. As at present advised, therefore, the plaintiff's motion will be granted as to these defendants; but if their purpose is to raise other issues peculiar to them, a supplemental affidavit may be served and filed, indicating what those issues are deemed to be, and consideration thereof will be had on settlement of the order.

The first motion will be granted as to all defendants comprehended, except in suit L-1426, and the special defenses enumerated sixth and eighth will be stricken.

As to the second motion, L-1256, there is nothing to add to what has been written. The answer contains four "separate and distinct defenses" not to be distinguished in form or content from those discussed under the first motion. All substantial issues were tried and adjudicated in the case of Abel et al. v. Munro, supra, and nothing touching the merits now remains to be determined. As to these defendants, the motion for summary judgment must be granted.

In these motion papers also, the opinion, findings and judgment in the Abel case are to be included in the record.

Settle separate order on the two motions.