## FOURTH DEPARTMENT, JANUARY, 1965

## (January 7, 1965)

■ In the Matter of the Claim of JOHN M. HANSEN, Appellant, v. COUNTY OF MONROE, Respondent, et al., Defendant.— Order insofar as appealed from unanimously affirmed, without costs of this appeal to either party. Memorandum: We agree with the conclusion of Special Term that upon the facts here presented permission might not be granted to appellant to file a late notice of claim against the county pursuant to the provisions of section 50-e of General Municipal Law. The record before us (stipulated by the parties) discloses that while the motion was pending appellant did serve such notice of claim upon the county. Appellant now seeks from us "a judicial declaration" that his cause of action arose on the date custody of the infant was transferred to the parents. Briefly stated, the infant in 1961 (then 14 years old) was adjudicated a delinquent child and committed to an institution. The

statute then provided that such commitment, in the discretion of the court should continue during the minority of the infant unless by appropriate order he was released or discharged. (Children's Ct. Act, § 27; see, also, Social Welfare Law, § 383.) In 1963 while confined in the institution the infant received serious permanent injuries. Some months later (and more than 90 days after the accident) an order was made transferring custody of the infant to the parents. The issue presented is whether the appellant's derivative action, which is an independent one (*Grange* v. *Town of Yorkshire*, 22 A D 2d 752) arose at the time the injury to the infant occurred (cf. 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 214.16) or upon the date custody was transferred to the parents. Appellant in substance contends that the time of accrual of his derivative cause of action "means the time [he] first became enabled to maintain the particular action in question" (*Cary* v. *Koerner*, 200 N. Y. 253, 259; 1 Weinstein-Korn-Miller, par. 203.01); that inasmuch as custody of the infant had been placed in the State he (the father) had no recognizable cause of action for loss of services or medical and hospital expenses until custody was restored to him and on that date his claim arose within the meaning of section 50-e of General Municipal Law. Respondent contends that this issue is not before us. Under ordinary circumstances we would agree but the inclusion in the record of the notice of claim actually served (but not recited in the order appealed from) makes it difficult to determine what issues are presented. To avoid future confusion we have stated the issue but do not reach or pass thereon. (Appeal from part of order of Monroe Special Term — denying petitioner's motion to file a late claim.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.