Nasser G. AFSHAR, d/b/a H. Afshar & Company, Plaintiff,

v.

PROCON INCORPORATED, UOP Inc. (formerly Universal Oil Products Co., Inc.), National Iranian Oil Company and Shaharam Pahlavnia, Defendants.

No. 77 Civ. 1600 (VLB).

United States District Court, S. D. New York.

Dec. 30, 1977.

888

David Simon, New York City, for plaintiff.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant National Iranian Oil.

Rogers & Wells, New York City, for defendant Procon.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff Afshar has moved for reargument of two defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted. Upon oral argument I granted the motions on the grounds that the claims were barred by the statute of limitations, and an order to that effect was filed on July 15, 1977. The motion for reargument is granted. After reconsideration my original decision is adhered to.

The arguments advanced by the plaintiff on this motion are substantially the same as those originally presented in opposition to defendants' motions to dismiss.

■ Plaintiff proposes that there is a conflict of laws question which must be addressed in determining whether the law of Iran or the law of New York applies.

Plaintiff has not favored me with any indication of what Iranian law dictates on the issues of statutes of limitations or when a cause of action accrues. He argues that a defendant seeking to invoke the defense of statute of limitations has the burden of affirmatively proving a time bar under the law of Iran as well as that of New York.

This argument misconstrues the New York law. The New York borrowing statute, N.Y.C.P.L.R. § 202, provides that in choice of law situations, where an issue is tried in New York but a foreign law provides the rule of decision, the applicable statute of limitations will be that of New York or that of the foreign jurisdiction, whichever provides the shorter period of limitations. Thus if plaintiff's cause of action is time barred under the law of either New York or Iran, then the claim is barred.

■ Plaintiff argues in the alternative that the law of Iran applies with respect to when the cause of action accrued. Such is not the law. New York law governs the statute of limitations issue if it is shorter than that of Iran. This includes the question of when a cause of action accrues. *Lowell Wiper Supply Co. v. Helen Shop, Inc.*, 235 F.Supp. 640, 644 (S.D.N.Y.1964).

The plaintiff argues that suit could be brought for breach of two separate and distinct rights arising out of the contract: (1) Suit for wrongful termination; and (2) Suit for compensation which became due subsequent to the alleged wrongful termination. This distinction is illusory. The agency contract was not severable in this fashion. The notice of termination necessarily related to any agreement by defendant Procon Incorporated ("Procon") to pay compensation then due or to become due thereafter. Plaintiff's complaint evidences a realization of this as well as plaintiff's receipt of adequate notice.

20. On or about October 5, 1967 the defendants above named conspired to unilaterally attempt termination of the agency agreement with the plaintiff and to divert the commissions and other compensation due plaintiff to the defendant

Shaharam Pahlavnia and others and to conceal their violations of their agreement with and obligations to the plaintiff.

21. For the purpose of such conspiracy and concealment the defendant Procon Incorporated, in violation of the agency agreement with the plaintiff, notified the plaintiff . . . that Procon was terminating its appointment of the plaintiff as its agent in Iran and directing plaintiff to discontinue all further representations on behalf of Procon.

22. Thereafter defendant Procon Incorporated . . . paid the compensation and other amounts due to plaintiff as aforesaid to defendant Shaharam Pahlavnia or to a company organized by the defendants and distributed said amounts to Shaharam Pahlavnia or to said company who distributed the funds to various persons who had rendered no services or given no consideration therefor and were not entitled to payment therefor, with intent to deprive plaintiff of his just compensation and right to reimbursement from the defendant Procon Incorporated

. . .

\* \* \* \* \* \*

24. The termination notice was given by Procon as part of a conspiracy . . . to prevent collection of the compensation and other funds due to plaintiff from the defendants Procon and U O P, Inc. and from other persons, firms and corporations owing large sums of money to the plaintiff . . .

Complaint of Plaintiff at 6–7 (April 4, 1977).

Plaintiff's agency agreement provided for a continuing relationship with Procon. In his complaint plaintiff recites:

8. Defendants Procon Incorporated and U O P, Inc. are indebted to plaintiff for an amount in excess of Eight Million Dollars, the fair and reasonable value and agreed price for services rendered by plaintiff, his agents and employees, at the special instance and request of the said defendants, as their designated agent and representative in connection with the negotiation and making of contracts for the design, construction, installation of oil refineries in the territory of Iran, together with the installation and operation of processes incidental thereto, and for expenses incurred as such agent and representative, all of which said defendants undertook and agreed to pay to the plaintiff.

Complaint of Plaintiff at 2 (April 4, 1977).

■ Thus plaintiff recognizes that his agency agreement with Procon contemplated continued efforts on his own part, even after a contract with respect to oil refineries in Iran was obtained. This was not a situation in which the agency relationship resulted in severable contracts in Iran, with respect to each of which plaintiff was owed commissions. The Iran contracts obtained pursuant to the agency agreement were either completed when notice of termination was received by plaintiff, or plaintiff had a continuing obligation to render a service in connection with such contracts at the time he received the termination notice. In either event plaintiff was adequately notified that his services were no longer wanted. Any rights plaintiff had to commissions for completed contracts existed at the time of termination, as did any rights to commissions which might become due in the future. Plaintiff was not to continue to act as an agent either for purposes of new business or for purposes of old business which had already or was expected in the future to result in Iranian contracts and in commissions to plaintiff.

Any and all rights which the plaintiff had were inextricably grounded in the agency agreement which was terminated. Upon its termination plaintiff was free to bring an action, not only for damages resulting from the wrongful termination, but also for the loss of benefits expected to inure under that agency agreement in the future.[1]

___

1. Plaintiff counters that he did not become entitled to sue for the agreed compensation until it became due and payable under the terms of the contract and the statute of limitations could

Plaintiff recognizes the availability of the remedy of seeking damages related to future business. *See* Complaint of Plaintiff ¶ 16 at 5 (April 4, 1977). Plaintiff seeks, in effect, to have me construe possible elements of damages into independent elements of liability:

> In effect, plaintiff is attempting to convert what would otherwise be an element of damages flowing from an alleged wrong no longer actionable because of the statute of limitations bar, into a series of independent and continuing injuries.

*Korn v. Merrill*, 403 F.Supp. 377, 388 (S.D. N.Y.1975), aff'd, 538 F.2d 310 (2d Cir. 1976). *See also, Lowell Wiper Supply Co. v. Helen Shop, Inc.*, 235 F.Supp. 640, 644 (S.D.N.Y. 1964).

The Restatement (Second) of Agency, § 455 (1958), addresses the issue of damages where termination results from breach of a contract of agency by a principal. The official comments thereto are instructive.

> (c) *Action brought during contract period. . . .* It is frequently desirable for the agent to wait until the end of the contract period, because of the difficulty of proving damages with sufficient certainty, especially in the case of employment to run for the life of the principal. *Statutes of limitations, however, commonly run [as in New York] from the time of the breach by the principal, and*

*because of this it may be necessary to begin action before the end of the contract period.* (Emphasis and parenthetical matter added).

*Id.* at 372. *Cf., Baum Associates, Inc. v. Society Brand Hat Company*, 477 F.2d 255 (8th Cir. 1973) (wherein a Missouri statute[2] enabled an agent to sue separately for continuing commissions on accounts already procured, in spite of a time bar for suit for wrongful termination of the agency).

Failures to make commission payments which came due since the termination of the agency do not constitute independent wrongs: the right to those payments was established by the agency agreement, and the time within which an action must be brought with respect to failure to make such payments commenced to run when the agency agreement was terminated.

■ The time within which an action must be commenced in New York is computed from the time the cause of action accrued to the time the claim is interposed. N.Y.C.P.L.R. § 203. The "time when the cause of action has accrued" has been construed to mean the time when the plaintiff first became enabled to maintain the particular action in question. *Lowell Wiper Supply Co. v. Helen Shop, Inc.*, 235 F.Supp. 640, 644 (S.D.N.Y.1964); *Martin v. Camp*, 219 N.Y. 170, 177, 114 N.E. 46 (1916); *Cary v. Koerner*, 200 N.Y. 253, 259, 93 N.E. 979 (1910). This occurred on October 5, 1967,

---

not begin to run until that time. To support this argument, plaintiff directs the court to *Blakeley v. Agency of Canadian Car & Foundry Co.*, 73 N.Y.S.2d 573, n. o. r. (Sup.Ct.N.Y.Co. 1947), aff'd, 272 App.Div. 1001, 74 N.Y.S.2d 829, *app. denied*, 272 App.Div. 1015, 74 N.Y. S.2d 906; and *Cary v. Koerner*, 200 N.Y. 253, 259, 93 N.E. 979 (1910).

In *Blakeley* plaintiff sued on an agreement to pay for plaintiff's testator's services as a former director of defendant corporation "out of the award for damages arising from destruction of plant and business by German government in 1917 'when, as and if' such award was made." Clearly the cause of action had to await the happening of a future contingent event. It was only then that a breach could have occurred. Similarly in *Cary*, the cause of action did not accrue until after the enactment of the statute which enabled the plaintiff to maintain the particular action.

Neither *Blakeley* nor *Cary* involved an agency relationship.

**2.** Rev.Stat.Mo. § 516.100 (1969), V.A.M.S. provides:

> 516.100 Period of limitation prescribed. Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

when the agency agreement was terminated.

Plaintiff's claim was interposed on April 4, 1977 when the complaint was filed with this Court. *Sylvestri v. Warner & Swasey Co.*, 398 F.2d 598 (2d Cir. 1968). Accordingly, plaintiff's claim is time barred whether the action be construed as sounding in tort for defamation (N.Y.C.P.L.R. § 215(3) provides a one year limitation period); as sounding in tort for an injury to property (N.Y.C.P.L.R. § 214(4) provides a three year limitation period); as an action for breach of contract (N.Y.C.P.L.R. § 213(2) provides a six year limitation period); or as an action for which no limitation is specifically provided by law (N.Y.C.P.L.R. § 213(1) provides a six year limitation period).

Plaintiff's attempts to restate his claims in the form of a conspiracy do not avoid the statute of limitations. In civil conspiracies it is settled law that the statute of limitations commences to run upon the commission of the overt act causing damage. *Lowell Wiper Supply Co. v. Helen Shop, Inc.*, 235 F.Supp. 640, 644 (S.D.N.Y. 1964). The events subsequent to the termination are not independent wrongs. If plaintiff was wronged it was in October 1967 when the agency was terminated. Plaintiff would have us characterize the failure to correct that wrong as a conspiracy to perpetuate a wrong. Such convoluted reasoning would circumvent every statutory period of limitations.

The order filed on July 15, 1977 dismissing this complaint as to defendants Procon, Incorporated and National Iranian Oil Co. is confirmed. The other two named defendants, UOP Inc. and Shaharam Pahlavnia, have not been served and more than eight months have elapsed since plaintiff filed his complaint and the summonses were issued. Plaintiff's complaint will be dismissed as to them as well.

SO ORDERED.